[14936. Department One.—March 29, 1893.]

## THERESA BIGGI, APPELLANT, *v.* NARCISSO BIGGI ET AL., RESPONDENTS.

HUSBAND AND WIFE—AGREEMENT FOR DIVISION OF PROPERTY PENDING DIVORCE SUIT—RECOGNITION OF COMMUNITY PROPERTY—RELEASE BY WIFE—FINDING AGAINST EVIDENCE.—An agreement between husband and wife for a division of property pending an action between them for divorce, in which it was provided that certain land which had been purchased during their marriage and conveyed to them jointly, should be sold, and the proceeds of the sale should be divided equally between them, such sale to be for not less than a specified sum, and that whenever an offer should be made therefor a third party therein named should be the exclusive judge as to the value of the land, and they both agreed to abide by the judgment of said third party, and to sell said premises for such sum; and which further provided that until the property should be sold the husband should be entitled to its possession and occupancy, paying the wife a specified sum monthly therefor, is a recognition by the husband that the property was community property, and that the wife was entitled to one half thereof; and a clause therein, in which it was recited that the wife "releases and acquits" the husband "from all and every claim of every character and kind whatsoever to other property, other than said one-half interest in said life estate, and the one half of said net proceeds of said sale," must be construed as relating to other property than that described therein, and not as a release of her interest in the property out of the sale of which she was to receive one half of the net proceeds; and in an action by the divorced wife to have the land sold and the proceeds divided between the parties thereto, because of a refusal of the husband to sell the land unless he should receive the entire proceeds thereof, a finding that the husband was the owner in fee of the entire tract and that the wife had no interest therein is contrary to the evidence.

ID.—CONVEYANCE TO HUSBAND AND WIFE—PRESUMPTION—COMMUNITY PROPERTY—DIVORCE—TENANCY IN COMMON.—A conveyance to a husband and wife jointly makes the property conveyed presumptively community property, and their subsequent divorce without any disposition of the property in the decree left them as tenants in common, each holding the legal title to one half of the land.

ID.—INTERPRETATION OF CONTRACT—EFFECT OF BREACH—ELECTION REMEDY—RESCISSION AND PARTITION—ENFORCEMENT.—For the purpose of ascertaining the intention of the parties, and the interpretation to be given to such instrument, all of its parts should be considered; and when so considered, it should be construed as a mutual, executory agreement on the part of both husband and wife to consent to a sale of the land for such sum, not less than the sum specified therein, as might be approved by the third party named therein, and that upon such sale each of them would accept one half of the proceeds thereof, and its breach by either party gave to the other party the right to treat it as rescinded and to bring an action for partition of the land, or to treat the agreement as existing and seek its enforcement.

ID.—ACTION FOR PARTITION—SALE AND DIVISION OF PROCEEDS.—In an action by the wife, for a sale of the land and the division of the proceeds between herself and husband, where she alleged in her complaint that the land was owned in common, setting forth the agreement, and the refusal of the defendant to comply with its terms, and that the land could not be partitioned without great prejudice, which latter allegation was not denied by the defendant, she is entitled to a judgment for its sale and the division of the proceeds of sale between them.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*George W. Reed*, and *George M. Shaw*, for Appellant.

Upon the entry of the decree of divorce, title to an undivided one-half interest in the lands in dispute vested in the plaintiff. (*De Godey* v. *Godey*, 39 Cal. 157.) The defendants were estopped by the agreement of October 23, 1888, from denying that the lands were, at the time of the divorce, community property, or that plaintiff's interest therein was an undivided one half. (*Rhine* v. *Ellen*, 36 Cal. 362; *Carey* v. *Brown*, 62 Cal. 373; *Belcher Con. G. Min. Co.* v. *Deferrari*, 62 Cal. 160; *Dodge* v. *Walley*, 22 Cal. 225; *Tartar* v. *Hall*, 3 Cal. 263; *Montgomery* v. *Whiting*, 40 Cal. 299.) The agreement was such as the parties had the right to make. (Civ. Code, sec. 159.) The agreement absolutely determined the lands to be community property, and established the right of the plaintiff to one half thereof, which ripened into a perfect title upon the entry of the decree of divorce. (*De Godey* v. *Godey*, 39 Cal. 157.) The agreement did not operate to convey the interest of the plaintiff in the lands in dispute. This is shown by the agreement of the defendant to pay rent. This amounted to a lease and estops the defendant from denying the plaintiff's title. (*Standley* v. *Stephens*, 66 Cal. 541; *Mauldin* v. *Cox*, 67 Cal. 387.) All parts of a contract should be construed together to ascertain intention, and effect should be given to every part and word if possible. (Civ. Code, secs. 1068, 1636, 1641; 2 Parsons on Contracts, 504; *Brannan* v. *Mesick*, 10 Cal. 95.)

*Hall & Earl*, and *Dodge & Fry*, for Respondents.

The words claimed to constitute an estoppel are mere recitals of collateral facts unnecessary to a conveyance, and therefore do not have that effect. (*Ingersoll* v. *Truebody*, 40 Cal. 603; *McGarrahan* v. *Min. Co.*, 49 Cal. 331.) A vendee may deny his vendor's title when claiming under another title. (*Grattan* v. *Wiggins*, 23 Cal. 39; *Cannon* v. *Stockmon*, 36 Cal. 535; *Trenath* v. *Gilbert*, 63 Cal. 407.) The words cannot constitute an equitable estoppel (estoppel *in pais*), for such estoppel never

takes place where one party did not intend to mislead, and the other party is not actually mislead. (Anderson's Law Dict., p. 416; 30 N. Y. 541.) Equitable estoppels never extend to divest title to land. (*Davis* v. *Davis*, 26 Cal. 41.) The agreement operated is a conveyance of any interest of the plaintiff in the land in dispute, as the agreement contained sufficient and apt operative words of conveyance, and there is nothing to contradict them. The agreement should be most strongly construed against the plaintiff. (*Dodge* v. *Walley*, 22 Cal. 225.) The operative words of conveyance must control and cannot be contradicted. (*Rhine* v. *Ellen*, 36 Cal. 362.) Admitting that the defendant under the agreement holds the property in trust to sell the same and divide the proceeds, still the plaintiff gets no estate or interest in the land. She simply has a chose in action, a right to enforce the trust. (Civ. Code, sec. 863.) The beneficiary of an express trust has no estate, legal or equitable, in the land. (*Ward* v. *Waterman*, 85 Cal. 488.)

A conveyance by one spouse to the other for a valuable consideration, converts community property into separate property. (*Taylor* v. *Opperman*, 79 Cal. 468.) The court did not err in quieting title of respondent as against appellant. Appellant's right to one half of the proceeds of the sale of the land gave her no title to the land, legal or equitable. (Code Civ. Proc., sec. 863; *Ward* v. *Waterman*, 85 Cal. 488, 506.)

HARRISON, J. — The plaintiff was at one time the wife of the defendant, Narcisso, and in October, 1888, pending an action between them for divorce, they entered into an agreement for the division of their property, in which it was provided that a lot of land situated on San Pablo Avenue, in Oakland, should be sold, and the proceeds of the sale equally divided between them, but that such sale should not be for less than three thousand one hundred dollars, and that whenever an offer should be made therefor, one Vandercook should be the exclusive judge as to the value of said premises, and as to accepting or rejecting said offer, and that they would abide by his judgment, and sell the premises for such sum as Vandercook might determine. This lot of land had been purchased during the marriage of the parties, and the title thereto taken in the

names of them both; but the judgment of divorce which was
afterwards rendered between them, was silent upon the dispo-
sition of the community property. In June, 1889, Vandercook
received an offer of three thousand two hundred dollars for the
property, which he deemed sufficient therefor, and which the
plaintiff agreed to accept; but the defendant, when requested
thereto, refused to accept the offer, or sign a contract of sale,
unless he should receive the entire proceeds thereof. The
plaintiff thereupon brought this action, alleging in her com-
plaint that the land was owned in common between her and the
defendant, Narcisso, setting forth the foregoing agreement and
the refusal of the defendant to comply with its terms, and ask-
ing for a sale of the land and the division of the proceeds
between them. The defendant in his answer denied that the
plaintiff had any interest in the land, and also denied that he
had refused to accept the offer which the plaintiff alleged had
been made for the land. Upon the trial the court found that
the defendant was the owner in fee of the entire tract of land,
and that the plaintiff had no interest therein, and rendered
judgment against the plaintiff, and also a judgment in favor
of the defendant, Narcisso, upon his cross-complaint therefor,
quieting his title to the land, as against the plaintiff. The
court did not make any finding upon the issue of the defend-
ant's refusal to accept the three thousand two hundred dollars
offer.

The finding of the court that the defendant was the owner
in fee of the entire tract, and that the plaintiff had no interest
therein, is contrary to the evidence. The conveyance of the
land to the husband and wife made it presumptively community
property, and their subsequent divorce, without any disposition
of that property in the decree, left them tenants in common
thereof (*De Godey* v. *Godey*, 39 Cal. 157); and the fact that the
title had been conveyed to them both caused each of them to
be thereafter the holder of the legal title to one half of the land.
The agreement between them prior to the decree of divorce, was
a recognition by the husband that it was community property,
and that the plaintiff was entitled to one half thereof.

The contention by the respondent that by the aforesaid agree-
ment between the parties, the plaintiff conveyed to the defendant

whatever interest she had in the land in question, and that her rights against him are only an obligation on his part to pay her one half of the proceeds of any sale that he may make, is contrary to a proper construction of the instrument. The provision therein that until the property should be sold the husband should be entitled to its possession and occupancy, and should pay to the plaintiff six dollars per month therefor, and the further provision that "the *parties hereto agree to* abide by the judgment of said Vandercook, and *to sell* said premises for such sum, offered or not, as said Vandercook may determine," are inconsistent with the proposition that the plaintiff's title to the land passed to the defendant by the instrument, and show that whenever a sale should be made in accordance with its terms, it was to be made by both parties, and that the consent of the plaintiff, as well as of the defendant, was necessary to effect the sale. The clause relied upon by the respondent wherein the plaintiff "releases and acquits said party of the first part from all and every claim of every character and kind whatsoever to other property, other than said one-half interest in said life estate, and the one half of said net proceeds of said sale, as aforesaid," when read in connection with the other portions of the instrument, and the purposes for which the parties recite that they have executed the agreement, must be construed as relating to "other" property than that enumerated in the instrument, and not as a release of her interest in the property out of whose sale she was to receive one half of the proceeds.

For the purpose of ascertaining the intention of the parties, and the interpretation to be given to the instrument, all of its parts must be considered, and when so considered, it is to be construed as a mutual, executory agreement on the part of both parties that they will consent to a sale of the land for such sum, not less than three thousand one hundred dollars, as may be approved by Vandercook, and that upon such sale each will accept one half of the proceeds thereof. As in the case of any other executory agreement, its breach by one party gave to the other the right to treat it as rescinded or to seek for its enforcement. It may be conceded that until a breach by either party, the right to a partition of the land between them was superseded or suspended; but the refusal of the defendant to perform the

agreement, and his denial of the right of the plaintiff to its performance, gave her the right to disregard the agreement, and either bring an action for the partition of the land, or treat the agreement as existing, and seek its enforcement against the defendant. For this purpose the plaintiff alleged in her complaint the facts constituting the breach by the defendant, and the court should have made a finding upon this issue, as the evidence in the record is ample to sustain her allegations. Upon such finding, inasmuch as her allegation in the complaint that the land could not be partitioned without great prejudice to the owners thereof was not denied, her right to a judgment for its sale and the division of the proceeds between them would have been established.

The judgment and order denying a new trial are reversed.

GAROUTTE, J., and PATERSON, J., concurred.