[Sac. No. 434.   Department One.—November 21, 1898.]

ELIZABETH BENTON, Respondent, v. T. N. BENTON, Appellant.

ACTION BY WIFE FOR PERMANENT SUPPORT—DESERTION—CRUEL TREATMENT—PLEADING.—A complaint in an action by a wife against her husband for permanent support, without divorce, which sets forth acts of extreme cruelty of the husband, and avers that by reason thereof plaintiff was compelled to depart from the family dwelling-place, and that the cruel treatment was such as to render it impossible for plaintiff to continue to live with him, states facts which constitute desertion under section 93 of the Civil Code, and from which desertion followed as a legal conclusion, and need not specifically aver willful desertion of the plaintiff by the defendant; but sufficiently states a cause of action for permanent support and maintenance of the plaintiff, under section 137 of the Civil Code.

ID.—AMOUNT OF ALLOWANCE—ISSUABLE FACT—EXTENT OF RELIEF.—In an action for a support without divorce, though the amount of the allowance is largely within the discretion of the court, and it retains subsequent control thereof and may increase or diminish the allowance, yet the amount to be allowed is an issuable fact, and cannot be made in the first instance in excess of the amount asked for in the complaint.

ID.—DATE OF FINDINGS AND JUDGMENT—PRESUMPTIONS—APPEAL.—When the findings and judgment were signed and filed of the same date, it will be presumed that the findings were first filed; and, upon appeal from the judgment, it will be sustained upon the presumption either that findings were first filed, or that they were waived.

APPEAL from a judgment of the Superior Court of San Joaquin County.   Joseph H. Budd, Judge.

The facts are stated in the opinion.

J. G. Swinnerton, for Appellant.

Nicol & Orr, for Respondents.

CHIPMAN, C.—Action to recover permanent support without divorce.   The court awarded plaintiff one hundred and fifty dollars per month, one hundred dollars for attorneys' fees and fifty dollars for costs of action.   Defendant appeals on the judgment-roll alone. .

The court found that plaintiff and defendant intermarried August 11, 1874, and are now husband and wife; plaintiff has at all times since the marriage "been to defendant a good and dutiful wife, and has ever been regardful of her marital obligations, and has never at any time given defendant any cause or provocation to treat her in any manner other than in kindness"; plaintiff is "without means, is aged and in delicate health; defendant is possessed of property of the value of fifty thousand dollars and upwards," and is well able to supply and provide plaintiff with a support and maintenance; the court further finds that for more than a year last past defendant has treated plaintiff in a cruel and inhuman manner, setting forth the acts of cruelty, and finds "that defendant's course of treatment during said time has been such as was calculated to, and did, inflict upon her great mental pain, suffering, and anguish, and she became seriously sick, . . . . and is now unable, unassisted, to attend to herself or her common wants"; defendant's "course of treatment was such as made it impossible for her to continue to live in the family dwelling-house, and she was compelled to and did, on or about October 7, 1896, depart from said family dwelling-house, and since said time she has lived away from said dwelling-house and said defendant"; defendant has, during said separation, "refused to supply plaintiff with means for her support and maintenance," and she "is aged and infirm, and unable to longer endure the treatment of said defendant," and has not condoned defendant's offenses. The complaint is verified, and was filed October 29, 1896.

As conclusions of law, the court found that defendant has been guilty of extreme cruelty toward plaintiff, by which she was compelled to depart from the family dwelling-house as above stated; "that defendant deserted plaintiff on or about the seventh day of October, 1896, and ever since has lived separate and apart from plaintiff," and that plaintiff is entitled to a decree awarding her permanent support. Judgment was accordingly entered.

1. It is contended that the complaint does not state facts sufficient to warrant the decree, because there is no allegation "that defendant willfully deserted the plaintiff. The words 'willful desertion, abandon or desert,' or equivalent words, do

not occur·in plaintiff's averments from first to last.    It is not a complaint for willful desertion."    A demurrer alleged insufficiency of facts.    The complaint sets forth an action upon the ground of extreme cruelty, and avers that "by reason of the said acts of defendant toward her, and by reason of his cruelty toward her, this plaintiff was compelled to depart from the said family dwelling-place"; and again, "defendant's treatment of her has been such as to render it impossible for plaintiff to continue living with defendant."    Section 98 of the Civil Code provides as follows: "Departure or absence of one party from the family dwelling-place, caused by cruelty or threats of bodily harm, from which danger would reasonably be apprehended from the other, is not desertion by the absent party, but it is desertion by the other party."

The complaint stated facts which constituted desertion under this section.    Having done this, it was not necessary, in such an action as this, to give those acts the statutory designation of willful desertion.    The desertion as a legal conclusion followed from the facts constituting desertion.

2. It is claimed that extreme cruelty is not a cause for maintenance without application for divorce.    Section 137 of the Civil Code provides, among other things, as follows: "When the husband willfully deserts the wife she may, without applying for a divorce, maintain in the superior court an action against him for permanent support and maintenance of herself, or of herself and children."    The contention is, that the section was not intended to give the wife a choice of remedies, but only to give the support while the statutory time is running entitling the wife to a divorce for desertion.    (Citing *Peyre v. Peyre*, 79 Cal. 336; *Hardy v. Hardy*, 97 Cal. 125.)    Defendant's contention finds no support in these cases.    In *Hardy v. Hardy, supra*, the facts necessary to the action are thus stated: "If, at the time she institutes the action, she is living separate and apart from him, it is essential for her to show that it is by reason of his desertion or that by reason of his cruelty or threats of bodily harm she was forced to leave the family dwelling-place."    Defendant's construction would require us to ignore the very terms of the statute which gives the action "without applying for a divorce."    It would force the wife to ask for a judicial separation, whereas

the law encourages reconciliation, and the husband and wife should be allowed to indulge the hope of its realization. Plaintiff is not seeking support on the ground of defendant's cruelty, but because through his cruelty she has been compelled to dwell apart from him. The statute gives the relief for desertion unaccompanied by cruelty, and it also gives the relief where the wife is compelled to depart from the dwelling-place caused by the cruelty of the husband, because the statute makes such conduct on his part desertion. (Civ. Code, sec. 98.)

3. It is claimed that the findings do not support the judgment because plaintiff asked for only one hundred dollars per month, and the court gave her one hundred and fifty dollars per month. Defendant claims that his denial, being literal (the pleadings were verified), was in effect an admission of the averment, and there was, therefore, no issue upon the fact and no finding was necessary, and as the finding was against the admission it was erroneous. (Citing Code Civ. Proc., sec. 580.) It was held in *Burnett v. Stearns*, 33 Cal. 468, that where there is no issue tendered as to a fact any finding, whether it agrees or disagrees with the fact alleged, is nugatory; and that no presumption will be indulged that evidence was introduced to contradict the admission. (See, also, *Gregory v. Nelson*, 41 Cal. 278; *Silvey v. Neary*, 59 Cal. 97.) The general rule is, that the plaintiff is not entitled to recover more than his complaint demands; and we do not perceive that this case is exempt from its application. Respondent claims that the amount to be allowed was not an issuable fact, but rested in the discretion of the court. We think it was an important issuable fact and was tendered as an issue by the complaint.

In an action for divorce, where the complaint alleged that a certain sum was a reasonable amount to be allowed as counsel fees for the prosecution of the suit, it was held that the value of these services was no part of the plaintiff's cause of action and need not have been named in her complaint. Her estimate was only the opinion held by her when the action was commenced, which was subject to be changed by the development of subsequent circumstances. (*Rose v. Rose*, 109 Cal. 544.) Citing *Pacific etc. Co. v. Fisher*, 106 Cal. 234, where, in an action to foreclose a lien, the court gave an amount as attorneys' fees

larger than was asked for in the complaint. It was held not to be an essential averment, and therefore not conclusive, and that the court was authorized to exercise its discretion.

In actions for divorce, with application for alimony or allowance for support *pendente lite*, the cause of action is divorce and the support of the wife pending suit is an incident. And so in the case of foreclosing a lien, the attorneys' fees to be allowed are no necessary part of the cause of action.

Where, however, the action is for support, without divorce, it seems to us that, although a matter largely within the discretion of the court, over which it retains subsequent control and may increase or diminish the allowance, still the amount to be allowed becomes an important and, we think, an issuable fact. (See *Kerry v. Pacific Marine Co.*, 121 Cal. 564.)

4. It is claimed as error that the judgment was entered before the trial was concluded. The transcript shows that the findings were signed by the judge and were marked, "Dated January 5, 1897; filed January 6, 1897": the decree was signed by the judge and was marked, "Dated January 5, 1897; filed January 6, 1897." The decree begins with the usual statement: "The court having made and filed herein its written findings," et cetera, and is dated January 5th. The point made is that the judgment imports absolute verity, and that as the findings shown in the transcript were not filed until January 6th, they cannot be the findings referred to in the judgment, and therefore the judgment is without findings and is destitute of vitality. The findings and judgment were signed of the same date and were filed of the same date. There is nothing in this point. Where the appeal is from the judgment it will be sustained upon the presumption that findings had been filed or waived. (*Van Court v. Winterson,* 61 Cal. 615.) Furthermore, the findings and the decree speak from the date of the filing, and where they are filed on the same day it will be presumed that the findings were first filed.

The judgment should be so modified as to make the amount of the allowance for support to be one hundred dollars per month, and otherwise to stand affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment is modified so as to make the allowance for support the sum of one hundred dollars per month, and otherwise it is affirmed.·

Garoutte, J., Harrison, J., Van Fleet, J.