(January 25, 1904.)

RYAN, ADMINISTRATOR, v. WOODIN, ADMINISTRATOR.

[75 Pac. 261.]

COMPLAINT—DEMURRER—DELAY IN BRINGING ACTION—RELIEF IN EQUITY—LACHES—STATUTE OF LIMITATIONS.

1. When an action to set aside a judgment and have a sheriff's deed, based thereon, set aside is not brought within five years

after the execution of such deed, the complaint must contain allegations showing that reasonable diligence has been exercised in the discovery of the acts complained of.

2. Courts of equity do not favor antiquated or stale demands and refuse to interfere where there has been gross laches in commencing the proper action or long acquiescence in the assertion of adverse rights.

3. A party cannot defer the running of the statute of limitations by his own negligence.                                        /

4. *Held*, under the facts of this case, that this action is barred by the provision of section 4037, Revised Statutes.

(Syllabus by the court.)

APPEAL from District Court of Bingham County. Honorable Joseph C. Rich, Judge.

Action to set aside judgment and sheriff's deed. Judgment for defendants. Affirmed.

W. T. Reeves and E. E. Chalmers, for Appellant.

This action is not barred by the statute of limitations. "A deed fraudulently obtained is not available as the foundation of an adverse possession, because the party setting up an adverse possession must have entered *bona fide.*" (*Livingston v. Peru Iron Co.*, 9 Wend. 512; *Packard v. Johnson* (Cal.), 3 West Coast Rep. 765; Tyler on Ejectment and Adverse Possession, p. 867.) Must be actual ouster of same part of land. (*Kimball v. Stormer*, 65 Cal. 116, 3 Pac. 408; Tyler on Ejectment and Adverse Possession, p. 911.) The statute did not begin to run until the appointment of the administrator. (Crosswell on Executors and Administrators, pp. 527, 528; Bushwell on Limitations, secs. 369, 370; Wood on Limitations, pp. 254, 399.) Matters on demurrer do not appear upon face of the complaint. (Idaho Rev. Stats., sec. 4174; 3 Annotated Code, 3206; 2 Estee's Pleading, 4th ed., secs. 3095, 3102, 3115, 3147, 3154, and citations; *Ord v. De La Guerra*, 18 Cal. 75.) Where the parties are guilty of a fraud and conceal it, the statute of limitations will not run in their favor. (13 Ency. of Law & Pr., p. 728; see notes, 25 L. R. A. 566; *Castro v. Geil*, 110 Cal. 292, 52 Am. St. Rep. 84, 42 Pac. 804; Idaho Rev. Stats., sec. 4054, subd. 4; *Currey v. Allen*, 34 Cal. 254; *Kane*

*v. Cook,* 8 Cal. 449; *Marshall v. Buchanan,* 35 Cal. 264, 95 Am.
Dec. 95; *Boyd v. Blankman,* 29 Cal. 20, 87 Am. Dec. 146; *Gano
v. Martin,* 10 Kan. App. 384, 61 Pac. 460; *People v. Ettenson,*
60 Kan. 858, 56 Pac. 749; *Brown v. Brown,* 62 Kan. 666, 64
Pac. 599! *Hayden v. Hayden,* 46 Cal. 333; Am. & Eng. Ency.
of Law, 680.)

Sample H. Orr and J. M. Stevens, for Respondent.

There is nothing to indicate diligence on the part of plaintiff
or those whom he represents, and the whole record negatives the
presumption of reasonable diligence, or of any diligence. A
party is presumed to know whatever, with reasonable diligence,
he might have discovered, being matters of public record.
(*Hecht v. Slaney,* 72 Cal. 362, 14 Pac. 88; *Williams v. Price,*
11 Cal. 212; *Wagner v. Baird,* 7 How. 234, 12 L. ed. 681; 19
Ency. of Law & Pr., 2d ed., pp. 250, 251, 282; *Wood v. Carpenter,* 101 U. S. 135, 25 L. ed. 807; *Badger v. Badger,* 2 Wall. 87,
17 L. ed. 836.) Long failure to procure administration raises the
presumption that there are no creditors and no necessity for administration. (*Hubbard v. Ricart,* 23 Am. Dec. 198, and
note.) A party cannot by his own negligence or for his own
convenience defer the running of the statute. (*Williams v.
Bergen,* 116 Cal. 66, 47 Pac. 877; *Atchison etc. R. R. Co. v.
Burlingame,* 36 Kan. 628, 59 Am. Rep. 578, 14 Pac. 271; *Bills
v. Mining Co.,* 106 Cal. 9, 39 Pac. 43 (see concurring opinion of
Beatty, C. J., on page 45); *Thomas v. Pacific Beach Co.,* 115
Cal. 136, 46 Pac. 899; 13 Ency. of Law & Pr. 726, and note 1;
*Bauserman v. Charlott,* 46 Kan. 480, 26 Pac. 1051; *Kulp v.
Kulp,* 51 Kan. 341, 32 Pac. 1118, 21 L. R. A. 556; *Clarke v.
Bundy,* 29 Or. 190, 44 Pac. 282.) Where there has been unreasonable delay, and where, as in this case, death has removed
the principal witnesses to material facts; equity will refuse to
entertain a bill, and this irrespective of the statute and where
the time prescribed by statute has not elapsed. (12 Ency. of
Law & Pr. 551, notes; *Brown v. County of Buena Vista,* 95 U. S.
157, 24 L. ed. 422; *Godden v. Kimmell,* 99 U. S. 201, 25 L.
ed. 431.)

SULLIVAN, C. J.—This action was brought to procure the cancellation of a judgment and sheriff's deed resulting from a sale of certain real estate under execution based on the judgment in the case of Orr & Orr against Daniel Ollis in the district court of Bingham county. The complaint contains allegations of defects, irregularities and omissions in the service of summons and other proceedings prior to the judgment. It appears from the amended complaint that Daniel Ollis died on April 4, 1894, and that the appellant Ryan was appointed administrator of his estate March 4, 1899, and this suit was brought by said administrator; that Sample Orr, one of the plaintiffs in said action, died intestate on the 7th of April 1894, and that the respondent Woodin was duly appointed as administrator of his estate on the thirtieth day of December, 1899, and that the wife of said deceased (Orr) died intestate on the twenty-second day of April, 1899, and that the defendant Gagon was duly appointed administrator of her estate; that said Ollis in his lifetime was the owner of about one hundred and sixty acres of land situated in Bingham county, state of Idaho; that on October 7, 1892, Sample Orr, now deceased, and Sample H. Orr were engaged as partners in the practice of law in said Bingham county, and on the latter date they commenced an action against said Ollis in the district court in and for said county, to recover judgment for $345 alleged to be due them from said Ollis for legal services. Summons was duly issued and returned not served, the defendant not being found in said county. Thereafter proceedings were had whereby service of the summons was sought to be made by publication, on which service said judgment was entered in said action in favor of Orr & Orr and against said Ollis; that during the period of publication of said summons an attachment was issued in said suit and levied upon said tract of land; that after the judgment was entered an execution was issued and said land was sold thereunder to said Sample Orr to satisfy said judgment; that after the time for redemption had expired, and on the twenty-second day of December, 1894, the sheriff executed a deed for the said land to said Orr.

A general demurrer was filed to the complaint and also the

complaint was demurred to on the ground that the action was barred by the statute of limitations. The demurrer was sustained by the court and the plaintiff declined to further amend his complaint and judgment of dismissal was entered. The appeal is from the judgment.

The action of the court in sustaining said demurrer is assigned as error. The questions for decision are: 1. Does the complaint state a cause of action? And 2. If so, is such action barred by the statute of limitations?

The complaint contains no allegation showing who has been in the possession of said real estate since the execution of said sheriff's deed dated December 22, 1894. But we think the presumption from the whole record is that the said Sample Orr, now deceased, and his heirs have been in possession thereof from that date. If that presumption be correct, said Orr and his heirs have been in the peaceable possession of said land from that date until the commencement of this action, on the fourteenth day of May, 1900, a period of about five years and five months. The complaint contains no sufficient allegation of any reason or excuse for this long delay in bringing this action. It is alleged on information and belief that none of the heirs of the intestate Ollis ever had a notice or knowledge of the existence of any judgment against said Ollis, or of the sale of said land under execution until about the first day of November, 1897. That is not a sufficient allegation of reasonable diligence or of any diligence on the part of the said Ollis, his heirs or representatives, to excuse the delay in bringing this action. Such judgment was a matter of record in the district court in the county where said land was situated, and with reasonable diligence could and would have been discovered. A party is presumed to know what with reasonable diligence he might have discovered, especially in regard to the title of the land which he claims to own. It is not even alleged that the heirs of Ollis or their representative ever paid any taxes on said land, or ever gave it any attention whatever until this action was commenced. There is no excuse alleged for this long delay— during which both Ollis and Orr have died.

The complaint fails to state a cause of action, in that no sufficient reason is alleged for the long delay in bringing this action. But it is contended that the statute of limitations does not begin to run until after the appointment of an administrator, and since the appointment of one the limitation provided by statute has not expired.

Wood on Limitation of Actions, section 117, is cited on that point, and in support of the text the author cites *Hobart v. Connecticut Turnpike Co.,* 15 Conn. 145, and *Lee v. Gause,* 2 Ired. (24 N. C.) 440. The first case cited was brought to recover dividends on capital stock of defendant which had accrued to the estate of the deceased person subsequent to her death, and the question there was whether the plaintiff's claim was barred by the statute of limitations, and the court held that it was not, and that the statute did not begin to run until there was a person in existence capable of suing. That rule was applicable to the facts of that case, but is not applicable to the facts of this case. That rule must be taken in connection with the other rule that where there is long delay or failure to procure administration, and real estate claimed by heirs is in the adverse possession of another who claims to be the owner thereof, the complaint in an action to quiet title to such real estate must contain allegations. showing a reasonable excuse for the delay, especially where the period for bringing such suit is prescribed by the statute of limitations and has expired.

In the case at bar it is not shown but that all of the heirs of the Ollis estate were of age, and that there was no necessity for administration on his estate. Where there is necessity of administration the creditors or the heirs should see that an administrator is appointed within at least a reasonable time after the death of the intestate. The complaint contains no allegations of any reasonable cause whatever for the delay in having an administrator appointed. The complaint in this case should have alleged the cause of the delay in bringing this action; it fails to do that and hence fails to state a cause of action. It is a well-established rule that courts of equity, even where no statute of limitations govern the case, often act upon

their own inherent doctrine of discouraging antiquated or stale demands by refusing to interfere where there has been gross laches in prosecuting a claim or long acquiescence in the assertion of adverse rights, and especially is that so where the parties to the transaction have died. Diligence must be shown in the discovery of the acts complained of.

In *Wood v. Carpenter,* 101 U. S. 135, 25 L. ed. 807, it is held in such cases as that at bar that "The circumstances of the discovery must be fully stated and proved, and the delay which has occurred must be shown to be consistent with the requisite diligence."

Courts of equity discourage antiquated demands by refusing to interfere where there has been gross laches in prosecuting a claim or long acquiescence in the assertion of adverse rights. (*Godden v. Kimmell, Admx.,* 99 U. S. 201, 25 L. ed. 431; *Badger v. Badger,* 2 Wall. 87, 17 L. ed. 836.)

It is well settled that a party cannot by his own negligence defer the running of the statute. (*Williams v. Bergen,* 116 Cal. 56, 47 Pac. 877.)

This cause of action is barred by the provisions of section 4037, Revised Statutes, it not being alleged that the intestate of appellant administrator or his ancestors, predecessors or grantors were seised or possessed of the premises in question within five years before the commencement of the acts in respect to which this action is prosecuted.

The court did not err in sustaining said demurrer and entering a judgment of dismissal. The judgment is affirmed, with costs in favor of respondent.

Stockslager and Ailshie, JJ., concur.