(December 14, 1916.)

### KATERINA KUHNEN, Respondent, v. ANDY KUHNEN, Appellant.

[161 Pac. 1041.]

DIVORCE—COMMUNITY PROPERTY—DIVISION OF.

　　1. *Held,* that the judgment of the trial court refusing to set aside the decree of divorce theretofore granted, and granting a division of the community property, under the law and the facts, must be affirmed.

APPEAL from the District Court of the Second Judicial District for Idaho County.   Hon. Edgar C. Steele, Judge.

Action to have decree of divorce set aside and a division of community property made.   Judgment refusing to set aside the decree of divorce and granting a division of the community property *affirmed.*

L. Vineyard and E. M. Griffith, for Appellant.

"Where the findings do not determine all the issues raised by the pleadings with respect to which evidence was introduced, the decision is against law, and a new trial may be granted on that ground." (*Brown v. Macey,* 13 Ida. 451, 90 Pac. 339; *Nuttall v. Lovejoy,* 90 Cal. 163, 27 Pac. 69; 1 Spelling on New Trial and Appellate Practice; sec. 253; vol. 2, sec. 437.)

On assignments of error as alleged, defendant ought to have a reversal of this case.

Fred E. Butler, for Respondent.

"Judgment will not be reversed on the ground of error which does not affect the substantial rights of the parties, especially when such judgment has sustained all facts alleged and admitted by the pleadings of the respective parties." (*Smith v. Ellis,* 7 Ida. 196, 61 Pac. 695.)

Appellant sets forth no reasonable or sound ground, let alone a ground for reversal provided by statute or law. (*Dennis v. Harris* (Iowa), 153 N. W. 343.)

SULLIVAN, C. J.—This action was brought by the plaintiff, Mrs. Kuhnen, to set aside a decree of divorce theretofore granted to her husband, Andy Kuhnen, the defendant and appellant herein, and for a decree dissolving the bonds of matrimony between them, and for a partition and division of certain community property.

After a trial the court refused to set aside the decree of divorce but did partition and make a division of the com-

munity property, and this appeal is from that decree or judgment.

Several errors are assigned, but upon a careful consideration of each, we find that there is no merit in them or either of them.

The judgment of the trial court must therefore be affirmed, and it is so ordered, with costs in favor of the respondent.

Budge and Morgan, JJ., concur.