[S. F. No. 8651.  In Bank.—May 18, 1920.]

## CARRIE B. LANG, Respondent, v. JAMES A. LANG, Appellant.

[1] JUDGMENT—MATTERS CONCLUDED.—The general rule that a judgment is conclusive not only as to the subject matter in controversy, but also as to every other matter that was or might have been litigated, is not always applicable literally, and really means that a judgment is conclusive upon the issues tendered by the complaint.

[2] ID.—FINDING OUTSIDE OF ISSUES—EVIDENCE—INADMISSIBILITY IN SUBSEQUENT ACTION.—A finding made of a fact upon which there is no issue and which does not enter into or form the basis of the judgment is not admissible in another action between the same parties, either as an admission or by way of estoppel.

[3] DIVORCE—DEFAULT—SETTING APART HOMESTEAD—LACK OF JURISDICTION—PLEADING.—Where in an action for divorce the only relief sought in the complaint is a dissolution of the marriage, and no reference is made therein to the existence of a community homestead or as to the existence or nonexistence of other community property, the court is without jurisdiction upon the default of the defendant to set apart the homestead to the plaintiff.

[4] ID. — DISSOLUTION OF MARRIAGE — SUBMISSION OF SINGLE ISSUE — RIGHTS OF PARTIES.—Parties to an action for divorce may submit the simple issue of their right to a divorce without reference to their property.

[5] ID.—SILENCE OF COMPLAINT AS TO PROPERTY—RIGHT OF DEFAULTING DEFENDANT.—Where a complaint in divorce contains no allegation with reference to property rights, a defaulting defendant should be entitled to assume that the only matter which will be determined is the matter of divorce, and that the question of property rights will be left for consideration and determination in another and separate action.

[6] DEFAULT—MEASURE OF RELIEF—PRAYER OF COMPLAINT.—Where in a default case the relief granted exceeds the prayer of the complaint, it is a nullity and may be attacked collaterally, or its effect avoided under the doctrine that it is not *res judicata.*

[7] HOMESTEAD—COMMUNITY PROPERTY—DISSOLUTION OF MARRIAGE—RIGHT OF PARTITION.—While as a general proposition a homestead

1. Conclusiveness of judgment, note, 15 Am. St. Rep. 142.

6. Effect of default judgment beyond scope of relief asked, notes, 11 Ann. Cas. 353; 11 L. R. A. (N. S.) 803.

7. Effect of divorce on partition of homestead, notes, 6 Ann. Cas. 954; 4 L. R. A. (N. S.) 786.

cannot be made the subject of an action for partition, the principle has no force in the case of a homestead on community property after the dissolution of the marriage by a decree of divorce, where the decree made no disposition of the homestead and there were no minor children.

[8] ID.—DESTRUCTION OF HOMESTEAD — DISSOLUTION OF MARRIAGE — TENANCY IN COMMON.—Where a homestead is carved out of community property and thereafter the marriage on which the homestead depends is dissolved by a decree of divorce, which makes no disposition of the homestead, the homestead, in the absence of minor children, is destroyed and the former husband and wife become tenants in common of the property.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. P. Thompson for Appellant.

Everts & Ewing and W. E. Simpson for Respondent.

The following opinion was prepared by Mr. Justice Kerrigan, of the district court of appeal of the first appellate district, while acting as justice *pro tempore* in this court in place of Mr. Justice Melvin. It is adopted as the opinion of this court:

THE COURT.—This is an appeal from an interlocutory judgment decreeing a partition and sale of certain real property situate in the county of Fresno. The decree was made and entered after the demurrer of the defendant had been overruled and his default entered for failure to answer the complaint. The only question here presented relates to the sufficiency of the complaint to state a cause of action.

The pleading recites that the parties to the action intermarried, and subsequently became the owners of certain real property, which forms the subject of this litigation. The defendant herein took title to the property in his own name, but it is alleged in the complaint that such property was the community property of the parties herein. The truth of this allegation, of course, is admitted under the general de-

8. Effect of divorce on homestead, notes, 23 L. R. A. 239; 16 L. R. A. (N. S.) 114.

murrer. After the acquisition of the property the wife executed and recorded a declaration of homestead thereon. Thereafter the defendant herein, the husband, filed a complaint against his wife, praying for a divorce on the ground of desertion. The complaint contained no allegation either to the effect that there was or was not any community property belonging to the parties, and no mention, either directly or indirectly, was made of this or any property whatsoever. The prayer for relief in the complaint for divorce was simply that the marriage existing between the parties be dissolved and that each of them be released from all the obligations thereof. Summons was served in that action on the defendant, plaintiff herein, and she having failed to appear her default was entered. This divorce action came on for trial, and the prayer of the husband was granted. The court signed and filed its findings and conclusions of law, but nothing therein contained made any reference to the existence of any community or any other property owned by the parties. The interlocutory decree entered in that action made no mention of or any reference to the existence of any community or other property. After the expiration of one year from the entry of the interlocutory decree a final decree was entered by the court. This final decree, however, set apart to the husband the homestead above referred to. Thereafter this action to partition the property so set aside was brought by the wife, and it is from the decree entered in her favor that this appeal is prosecuted.

From the foregoing state of facts two questions are presented to us for determination: First, whether the final decree of divorce which attempted to set aside the property to the defendant in the divorce action is conclusive against the plaintiff here; second, whether community property which has once been impressed with the character of a homestead retains that character after the marriage on which the homestead depended has been dissolved, and for that reason is not a proper subject for partition.

Upon the first question it is contended by the appellant that the final decree of divorce constitutes a conclusive judgment disposing of the community property of the parties to that action, and that such judgment is not subject to attack at the instance of the plaintiff herein. [1] In support of this argument the appellant relies upon the numerous decisions of

our appellate courts declaring the general rule that a judgment is conclusive not only as to the subject matter in controversy, but also as to every other matter that was or might have been litigated. This rule, while generally true, is not always applicable literally. (*Brown* v. *Brown,* 170 Cal. 1–6, [147 Pac. 1168].) "What is really meant by this expression is that a judgment is conclusive upon the issues tendered by the plaintiff's complaint." (*Concannon* v. *Smith,* 134 Cal. 14–18, [60 Pac. 40–42].) [2] Accordingly, it has been held that a finding made by a court of a fact upon which there is no issue in the case before it, and which does not enter into or form the basis of the judgment rendered in the action, is not admissible in another action between the same parties, either as an admission or by way of estoppel. (*Bank of Visalia* v. *Smith,* 146 Cal. 398, [81 Pac. 542].)

As long as matters are not tendered as issues in the action they are not affected by it. (*Brown* v. *Brown, supra.*)

Here, in the divorce action between the parties the question of the community homestead was not presented as an issue in the case. The complaint contained no allegation with reference to it, and the court made no finding as to the existence or nonexistence of community or other property; no disposition was attempted to be made of it under the interlocutory decree; and, except for the order in the final decree, it does not appear from the record in the divorce action that the parties thereto owned any property, community or otherwise. [3] The court was, therefore, without jurisdiction to make any order with reference to the property rights of the parties, such question not being before it. The only relief sought in the divorce complaint was a dissolution of the marriage tie. The defendant in that action (plaintiff here) had the right to assume that the judgment which would follow a default on her part would embrace only the issues presented by the complaint and the relief therein prayed.

Appellant further argues, and cites us to cases, to the effect that the court having had jurisdiction of the divorce case, it had jurisdiction to err, and however erroneous the judgment might be, that the only remedy was by appeal. The vice of this argument is that it assumes that the court had jurisdiction of the *res*. As above pointed out, the status of the parties was the only issue before the court.

**[4]** Parties to an action for divorce may submit to the court the simple issue of their right to a divorce without reference to their property. (*Coats* v. *Coats,* 160 Cal. 671, [36 L. R. A. (N. S.) 844, 118 Pac. 441].) **[5]** This being so, where a complaint in divorce contains no allegation with reference to property rights, a defaulting defendant should be entitled to assume that the only matter which will be determined by the court is the matter of divorce, and that the question of property rights will be left for consideration and determination in another and separate action. In addition thereto, it is a well-established rule that in a default case the relief granted cannot exceed the prayer. (*Brooks* v. *Forington,* 117 Cal. 219, [48 Pac. 1073]; *Mudge* v. *Steinhart,* 78 Cal. 34, [12 Am. St. Rep. 17, 20 Pac. 147].) **[6]** And where relief is given beyond the scope of that asked for, it is a nullity, and may be attacked collaterally, or its effect avoided under the doctrine that it is not *res judicata.* (See note to *Sache* v. *Gillette,* 11 L. R. A. (N. S.) 804.) From what we have said upon this subject it follows that the judgment in the divorce case was not conclusive upon the plaintiff herein as to her property rights growing out of her marriage relation with defendant.

Upon this question the respondent presents the additional argument that the proper time and place for the determination by the court of the property rights of the parties was at the time of the entry of the interlocutory decree, and not under the final decree. The conclusion we have reached upon this question makes it unnecessary to further discuss this branch of the case.

Upon the second contention counsel for appellant argues that this case falls within the rule that a homestead cannot be made the subject of an action for partition. In this behalf it is contended that property once impressed with a homestead continues ever to be a homestead until abandoned in accordance with the provisions of the statute in relation thereto. Authority can be found to the effect that where the rights of children are concerned the homestead is not affected by the divorce where the decree is silent upon the question. (*Redfern* v. *Redfern,* 38 Ill. 509; *Holcomb* v. *Holcomb,* 18 N. D. 561, [21 Ann. Cas. 1145, 120 N. W. 547], and *Byers* v. *Byers,* 21 Iowa, 268.) The cases to this effect are based upon the theory that there is still a head of a

family within the meaning of the homestead acts, and that the children's rights cannot be affected by the quarrels of their parents. (2 Bishop on Marriage, Divorce and Separation, sec. 1210.) Here, however, the rights of minor children are not involved. The only issue of the marriage was a son, who at the date of the entry of the final decree, was an adult. It is not contended that defendant had residing with him upon the property in question any of the persons mentioned in section 1261 of the Civil Code upon which a claim could be based that he was the head of a family. No such questions are presented by this appeal.

Defendant complains of the judgment for the reason that it gives to plaintiff a forced sale of the homestead, by reason of the fact that she voluntarily and without cause abandoned her home, a right denied her had she remained a dutiful wife. As against this claimed hardship resulting from the judgment it might be mentioned that so far as the record shows plaintiff herself is not without cause for complaint. It appears therefrom that she had been the wife of defendant for over twenty-two years and the decree made no provision whatever for her support and maintenance. However this may be, the law has made provision for the disposition of the homestead upon the dissolution of a marriage under which the rights of the parties may be equitably adjusted. (Civ. Code, sec. 146, subd. 3.) For reasons not disclosed by the record defendant failed to avail himself of this provision, for he raised no such issue in his divorce action. [7] While as a general proposition a homestead cannot be made the subject of an action for partition, the principle has no force when applied to the instant case. Here the family was severed by the decree of divorce and the qualities of the homestead estate were thereby destroyed. (*Rosholt* v. *Mehus*, 3 N. D. 513, [23 L. R. A. 239, 57 N. W. 783]; *Bahn* v. *Starcke*, 89 Tex. 203, [59 Am. St. Rep. 40, 34 S. W. 103].) [8] Such a decree is as effectual in producing this result as would be a declaration of abandonment, for where, as here, the homestead having been carved out of the community property, and no proper disposition having been made of it by the decree, the parties became tenants in common thereof, and this being so each had the right to sever their joint ownership. (*De Godey* v. *De Godey*, 39 Cal. 157; *Biggi* v. *Biggi*, 98 Cal. 35, [35 Am. St. Rep. 141,

32 Pac. 803]; *Kirschner* v. *Dietrich,* 110 Cal. 505, [42 Pac. 1064]; *Tabler* v. *Peverill,* 4 Cal. App. 671; [88 Pac. 994]; *Brown* v. *Brown,* 170 Cal. 1, [147 Pac. 1168]; and *Shoemake* v. *Clalfant,* 47 Cal. 432.) Under the circumstances of this case defendant upon the granting of the divorce ceased to be the head of a family and he was no longer entitled to a homestead exemption of the character here involved. (*Zanone* v. *Sprague,* 16 Cal. App. 333, [116 Pac. 989].) No family, no homestead. (Waples on Homestead Exemptions, p. 70.) The homestead being destroyed, the parties as tenants in common could convey or sever their relative interests therein. (*Simpson* v. *Simpson,* 80 Cal. 237, [22 Pac. 167]; *Grupe* v. *Byers,* 73 Cal. 271, [14 Pac. 863]; and *Brown* v. *Brown, supra;* 13 Ruling Case Law, p. 679.)

For the reasons given the judgment is affirmed.

Shaw, J., Olney, J., Wilbur, J., Lennon, J., Lawlor, J., and Angellotti, C. J., concurred.