[Civ. No. 13574.   Second Dist., Div. Two.   May 28, 1942.]

ALEXANDRIA GRANT, Respondent, v. JOHN GRANT, Appellant.

Dee Holder and Samuel Marks for Appellant.

Fetterly & Fetterly for Respondent.

McCOMB, J.—From an order denying defendant's motion for the modification of a provision for alimony in an interlocutory decree of divorce, defendant appeals.

These are the undisputed facts:

Plaintiff and defendant were married October 30, 1932. January 27, 1939, plaintiff filed a complaint for divorce from defendant, the prayer of which read as follows:

"WHEREFORE, plaintiff prays judgment of this Court as follows:

"1. That plaintiff be awarded a judgment of divorce, and that the bonds of matrimony now existing between the plaintiff and defendant be dissolved; and,

"2. That defendant be ordered to pay to plaintiff reasonable sums of money as and for her support and maintenance, both during the pendency of this action and permanently thereafter;

"3. That defendant be ordered to pay to plaintiff as and for attorneys fees and court costs herein, a reasonable sum; and,

"4. For such other and further relief as to this Court may seem meet and just in the premises."

The complaint is devoid of any allegations concerning the property rights of the parties and there is no allegation with reference to the property settlement between them. Defendant's default was entered to the complaint and on February 27, 1939, an interlocutory decree of divorce was entered in favor of plaintiff, which contained among others the following provisions:

"That defendant, John Grant, be, and he is hereby, ordered to pay to the plaintiff herein, as and for her support and maintenance, the sum of $17.50 each and every week commencing forthwith and continuing until such time as the plaintiff herein remarries;

". . . That that certain property settlement agreement of the parties hereto dated February 14th, 1939, be, and the same is hereby, approved."

Defendant moved to modify the interlocutory decree of divorce by striking therefrom all provisions which required him to pay plaintiff alimony, and in support of his motion filed an affidavit reading in part as follows:

"That since said order was made the conditions and circumstances surrounding the parties, and upon which said order was based, have materially changed, in this: That said Alexandria Grant, plaintiff in the above entitled action, is not entitled to any further support from this affiant for the reason that ever since the separation of the said parties, to-wit: on the 21st day of April, 1937, the said Alexandria Grant

has been living with and been supported by Sylvester E. Helbert, also known as Gene Helbert, as man and wife, under the name of Mrs. Gene Helbert; that the said Alexandria Grant resided at 1316 Grant Street, Santa Monica, California, for over a year under the name of Mrs. Gene Helbert, and is at the present time living with the said Gene Helbert at 3102 17th Street, Santa Monica, as his wife, under the name of Mrs. Gene Helbert; That the said Alexandria Grant was employed by the Hahn Drug Company, Santa Monica, California, under the name of Mrs. Gene Helbert, and is at the present time employed by Guen's Fountain Lunch, Santa Monica, under that name. That the said Alexandria Grant held herself out to her neighbors, when she resided at 1316 Grant Street, Santa Monica, as the wife of Gene Helbert, and holds herself out where she resides at 3102 17th Street as the wife of Gene Helbert, and is known to the neighbors by that name. That she resides at the present time at 3102 17th Street, Santa Monica, with her two daughters by a former marriage, with the said Gene Helbert, as his wife; that Alexandria Grant drives a 1939 Studebaker sedan bearing 1940 license No. 8P767 which automobile is registered in the name of Gene Helbert, 3102 17th Street, Santa Monica, California.''

The trial court denied defendant's motion and entered findings of fact and conclusions of law to the effect that it did not have jurisdiction to modify the interlocutory decree of divorce unless plaintiff had remarried. Apparently the trial court believed that the provision in the interlocutory decree for alimony was based upon the terms of the property settlement agreement and therefore was not subject to modification.

This is the sole question necessary for us to determine:

*Was the provision in the interlocutory decree approving the property settlement agreement between plaintiff and defendant void or merely voidable?*

Under the circumstances above set forth, the provision in the interlocutory decree approving the property settlement between the parties was void. From the apparently conflicting statements in opinions of our Supreme Court the following rules may be adduced:

(1) If a complaint in a divorce action contains no allegations with reference to property rights and the prayer of the complaint fails to ask for the disposition of property rights, a decree made after defendant's default has been entered purporting to dispose of property rights is void and

subject to collateral attack. (*Lang* v. *Lang*, 182 Cal. 765, 769 [190 Pac. 181] ; *Benton* v. *Benton,* 122 Cal. 395, 398 [55 Pac. 152] ; *Metropolitan Life Ins. Co.* v. *Welch,* 202 Cal. 312, 314 [260 Pac. 545] ; see also *Horton* v. *Horton,* 18 Cal. (2d) 579, 582 [116 P. (2d) 605].)

(2) If a complaint in a divorce action presents by appropriate allegations issues relative to property rights but the prayer seeks no relief relative thereto a decree purporting to dispose of such property rights after defendant's default has been entered is not void and is not subject to collateral attack but is voidable and subject to correction on a motion for a new trial or reversal or modification upon appeal. (*Parker* v. *Parker,* 203 Cal. 787, 792 [266 Pac. 283] ; *Darsie* v. *Darsie,* 49 Cal. App. (2d) 491, 494 [122 P. (2d) 64] ; see, also, *Horton* v. *Horton, supra,* 582.)

(3) If the terms of a property settlement agreement are appropriately pleaded, approved by the trial court, and referred to and adopted in its decree, as to the matters covered by the agreement, the decree is not subsequently subject to modification by act of the court. (*Ettlinger* v. *Ettlinger,* 3 Cal. (2d) 172, 178 [44 P. (2d) 540] ; *Miller* v. *Superior Court,* 9 Cal. (2d) 733, 737 [72 P. (2d) 868].)

(4) In the absence of a property settlement agreement, an award for alimony in an interlocutory decree of divorce may be modified by the trial court when conditions have changed since the entry of the initial order. (Civ. Code, sec. 139 ; see *Snyder* v. *Snyder,* 219 Cal. 80, 81 [25 P. (2d) 403].)

Applying the foregoing rules to the facts in the instant case, it appears that neither the complaint nor the prayer thereof contained any reference to the property settlement agreement between the parties. Therefore, since the decree approving the same was entered subsequent to the entry of defendant's default, this provision of the decree was a nullity and subject to collateral attack. This being true, the provision in the decree for alimony was not based upon a property settlement agreement between the parties, and under the fourth rule above stated it was subject to modification when conditions existed which were different from those that obtained at the time the original order was made. In the present case it is apparent that if the allegations of defendant's affidavit are true, and we must assume their verity for the purpose of this appeal, new conditions had arisen which would

have entitled defendant to a modification of the provision in the decree for payment of alimony.

For the foregoing reasons the order is reversed.

Moore, P. J., and Stephens, J. pro tem., concurred.