## MASTER LUBRICANTS CO. v. COOK et al.
### No. 11350.

Circuit Court of Appeals, Ninth Circuit.

Feb. 18, 1947.

James P. Clark, of Los·Angeles, Cal., for appellant.

George Gardner, of Los Angeles, Cal., for appellees.

Before GARRECHT, MATHEWS and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

George O. Cook and Minnie M. Cook, husband and wife, acquired property in California as joint tenants and declared a homestead thereon. Shortly thereafter the husband left the homestead and deserted his wife. A default divorce was granted to the wife. There was no mention of the property or of homestead rights in either the interlocutory or the final decree. The wife was awarded custody of a minor daughter, together with an allowance for her support.

Mrs. Cook, with her minor daughter, resided upon the homestead until she left it in March, 1943. After that date George O. Cook returned and resided on the homestead with the daughter. In September, 1944, the daughter left to reside with her mother. After the divorce (July 1, 1943) Mr. Cook remarried and has since lived on the homestead with his second wife.

Bankruptcy proceedings were filed on June 13, 1944, by both George O. and Min-nie M. Cook, in which schedules filed by each of them listed the property and claimed exemption thereof as a homestead. At the date of the filing of the petitions in bankruptcy, the bankrupts were indebted to the Master Lubricants Company in the sum of $2,777.16, and a claim was filed and allowed for the company. The trustee in bankruptcy made his report, exempting the claimed homestead and all personal property. The Master Lubricants Company, the appellant, filed written objections to this report. The Referee in Bankruptcy made findings and an order on December 31, 1945, overruling the appellant's objections and approving the Trustee's exemptions. The United States District Court affirmed the order of the Referee on review. This appeal followed.

The question for decision was whether the homestead was abandoned in the circumstances here involved.

■ Where there is a family relationship, completely severed by a decree of divorce, so that there is no longer any family relationship to be protected by the homestead, and no mention of the property or homestead is made, the homestead terminates. Zanone v. Sprague, 16 Cal.App. 333, 116 P. 989; Lang v. Lang, 182 Cal. 765, 190 P. 181. The appellee argues that because there was a minor child, and such child was residing on the premises with her father at the time of, and subsequent to, the final decree of divorce and at the time the petition in bankruptcy was filed, the family relationship necessary for the preservation of the homestead rights continued to be effective.

■ Since the custody of the child with support allowance had been granted to the mother, the father, as head of a family, owed no further obligation to the child. The daughter was not under the legal custody of the father and was not on the premises with her father under any legal right to insist that she stay there, hence there was no basis for maintaining the homestead, and it was therefore terminated.[1]

---

[1] The California doctrine, as to the nature of homesteads, has been digested in 13 Cal.Jur. 431–432 (citing numerous authorities) as follows: "Public policy wisely looks to the preservation, and seeks means to prevent the breaking up of families and homes. Such a public policy is declared in the constitution, and is furthered by homestead legislation exempting homes occupied by families from the hammer of the executioner. The policy of the homestead law

Nor could Mrs. Cook claim a continuance of the homestead since she lived elsewhere and made no use of the homestead in preservation of a family.

The homestead having terminated, the bankrupts were each remitted to their former status of ownership in the real property, that is, separate owners, each of one-half. Zanone v. Sprague, supra; Lang v. Lang, supra.

Reversed.

has been said to be humane and benevolent, or benign. Its object is to secure to every housekeeper with a family the certain and uninterrupted enjoyment of a homestead, to provide a place for the family and its surviving members, where they may reside and enjoy the comforts of a home, freed from any anxiety that it shall be taken from them against their will by creditors."