225 P.2d 455

**QUINLAN v. PEARSON et al.**

No. 7673.

Supreme Court of Idaho.

Dec. 14, 1950.

Whitla & Knudson, Coeur d'Alene, Bandelin & Bandelin, Sandpoint, and W. J. Nixon, Stephen Bistline, Bonners Ferry, for appellant.

J. Alfred May, Sandpoint, for respondent.

TAYLOR, Justice.

Respondent, plaintiff below, brought this action seeking to quiet title to an undivided one–half interest in Lot five, Block three, O'Callaghan's Acre Tracts of the Village of Bonners Ferry. The plaintiff and the defendant Harry H. Pearson were married on or about the 18th day of October, 1908. In 1914 or 1915, while they were living together as husband and wife, the husband bought the lot above described from one O'Callaghan for $300.00 on an installment contract, payable $10.00 per month. Thereafter, a small house was built on the property, presumably with community funds or credit. Pearson testified that he was unable to keep up the payments, and that in 1917 he still owed about $260.00 on the contract, $200.00 on the house, and a "store bill." Apparently the store bill and the balance on the house were owing to a Mr. Causton. In 1917 Mr. Causton paid the balance owing on the lot and received from O'Callaghan a deed dated June 28, 1915, drawn to "Harry H. Pearson" as grantee. At the same time Pearson and the plaintiff, as husband and wife, gave Causton a mortgage on the lot for $276.56. The deed and mortgage were recorded by Causton February 17, 1917. Pearson testified the mortgage was given as security for the balance on the lot and the other bills owed Causton. In 1919 the plaintiff deserted the defendant Pearson and moved to the state of Washington, where she has since resided. Pearson testified that at the time of this desertion the community debts were about the same as when the mortgage to Causton was given. The record shows this mortgage was not released until April 5, 1937, over twenty years after its execution. In 1926 defendant Pearson procured a divorce from plaintiff on the ground of desertion. The complaint and summons were personally served on the plaintiff at Aberdeen, Washington. There is no allegation in the divorce complaint concerning property. But the findings and the decree both recite, "There is no community property." It appears that Pearson remarried in 1927, and about 1928 he and his second wife placed another mortgage upon the lot. In 1945 Pearson sold the lot to Mary A. Wright, and executed a deed to her as a single man. Mrs. Wright in turn sold to Zada McLaury.

Defendant Pearson paid all community debts existing at the date of the desertion, which included substantially all of the purchase price of the lot and cost of the home built thereon.

He also paid all taxes assessed against the property from purchase to sale.

On July 21, 1947, plaintiff commenced this action, seeking to quiet title to an undivided one–half interest in the lot, claim-

ing that it was community property, and that after the divorce and at the time of the sale she and her former husband were tenants in common.

After commencement of this action and before the trial, Mrs. Wright died and the administrator of her estate was substituted.

The trial court found the lot to be community property at the time of the divorce, and that the finding in the divorce proceedings that "There is no community property" was not responsive to the complaint, and was without force or effect. Decree was entered for plaintiff for an undivided one–half interest in the lot against all defendants.

■ Where a divorce decree makes no disposition of community property, the spouses become tenants in common of such property. Tarien v. Katz, 216 Cal. 554, 15 P.2d 493, 85 A.L.R. 334; California-Western States Life Ins. Co. v. Jarman, Wash., 185 P.2d 494; 11 Am.Jur.Community Property sec. 76; 27 C.J.S., Divorce, § 180, b; First National Bank of Nev. v. Wolff, Nev., 202 P.2d 878; Wood v. Hill, 70 Idaho 93, 212 P.2d 391. And the rights of the parties may thereafter be determined in an independent action. Kuhnen v. Kuhnen, 29 Idaho 712, 161 P. 1041; Peterson v. Peterson, 35 Idaho 470, 207 P. 425. The complaint in the divorce action contained no allegation putting in issue the rights of the parties in this property or its character as community or separate. The plaintiff here made no appearance and the di-

vorce decree was entered against her by default. Under such circumstances the finding and decree that there was no community property was beyond the issues and was not an adjudication of the plaintiff's rights. Brown v. Brown, 170 Cal. 1, 147 P. 1168; Franklin v. Franklin, 67 Cal. App.2d 717, 155 P.2d 637; Lindley v. Hinch, 57 Cal.App.2d 717, 135 P.2d 421; Maxwell v. Maxwell, 66 Cal.App.2d 549, 152 P.2d 530; Grant v. Grant, 52 Cal.App. 2d 359, 126 P.2d 130; Berman v. Thomas, 41 Ariz. 457, 19 P.2d 685; Burtnett v. King, 33 Cal.2d 805, 205 P.2d 657, 12 A.L. R.2d 333.

■ The record does not show whether or not plaintiff had actual knowledge of the contents of the decree. In her testimony she claimed some knowledge of its provisions regarding custody of the children. However, being a party and having been personally served with process, and the decree having been entered and recorded in the county where the property is located, she is charged with knowledge of its contents. It was constructive notice to her that her former husband was claiming that the property did not belong to the community. Bachman v. Reynolds Irr. Dist., 56 Idaho 507, 55 P.2d 1314; Johns v. Scobie, 12 Cal.2d 618, 86 P.2d 820, 121 A.L.R. 1404. "Said judgment was a matter of record in the district court in the county where said land was situated, and with reasonable diligence, could and would have been discovered. A party is

presumed to know what with reasonable diligence he might have discovered, especially in regard to the title of the land which he claims to own." Ryan v. Woodin, 9 Idaho 525, at page 529, 75 P. 261.

Plaintiff testified that the property had been rented by the defendant Pearson for a considerable period and that she knew of the second mortgage given by him and his second wife. She, therefore, knew that, throughout the years following the divorce, he regarded the property as of his separate estate. She made no demand for an accounting of rentals, nor any inquiry as to the condition of the title at the recorder's office. Her testimony that she wrote her former husband about the property and that in 1927 or 1928 he offered her $200.00 for her share in it, was denied by him. In any event, she did nothing until 1945, when she heard that the property had been sold. Then she served notice upon the buyer that she claimed an interest in the property and made demand upon Pearson for an accounting of the proceeds of sale. Somewhat over two years later she brought this action to quiet title. Although the evidence shows that the community had very little if any equity in the property at the time of her desertion and that the defendant paid most of the purchase price, cost of the house, and other community debts, after her desertion, and part of these after the divorce, and that he has paid all of the taxes through the years following, the complaint contains no offer on her part to do equity and none was made on her behalf at the trial. Her case is wanting in equity and is barred by laches. Fales v. Weeter Lbr. Co., Ltd., 26 Idaho 367, 143 P. 526; Weber v. Pend D'Oreille M. & R. Co., 35 Idaho 1, 203 P. 891; Vinyard v. North Side Canal Co., Ltd., 38 Idaho 73, 223 P. 1072; Williams v. City of Emmett, 51 Idaho 500, 6 P.2d 475; Ryan v. Woodin, 9 Idaho 525, 75 P. 261; Just v. Idaho Canal & Improvement Co., 16 Idaho 639, 102 P. 381; Oylear v. Oylear, 35 Idaho 732, 208 P. 857; Hillcrest Irr. Dist. v. Nampa and Meridian Irr. Dist., 57 Idaho 403, 66 P.2d 115.

The purchaser, Mary A. Wright, paid the full purchase price in reliance upon the record title and the long continued possession and occupancy of the property by Pearson, unchallenged by any claim or demand of the plaintiff. As to her and her successor, Zada McLaury, the plaintiff is, by her own laches, estopped to deny that the property at the time of the sale was the separate property of her former husband. Robinson v. Lemp, 29 Idaho 661, 161 P. 1024; Buhl State Bank v. Glander, 56 Idaho 543, 56 P.2d 757; Dobbins v. Dobbins, 141 N.C. 210, 53 S.E. 870, 10 L. R.A.,N.S., 185 and note.

The judgment is reversed and the cause is remanded with instructions to dismiss the action. Costs to appellants.

GIVENS, C. J., PORTER and KEETON, JJ., and SUTTON, District Judge, concur.