[No. ·3,609.]

JOHN L. HUTCHINGS v. WILLIAM EBELER AND
J. A. S. TROUT, SHERIFF, ETC.

46  557<br>121  198

EFFECT OF DEFAULT.—A default in an action to foreclose a mortgage is
an admission of all the material facts alleged in the complaint, and author-
izes the Court to render any judgment in accordance with those admitted
facts.

SHERIFF'S SALE UNDER FORECLOSURE DECREE.—A sale by the Sheriff
under a judgment in a foreclosure suit directing a sale of all the defendant's
right, title, and interest in the mortgaged premises, carries all the title
which the defendant had in the premises at the time of the institution of the
foreclosure proceedings.

APPEAL from the District Court of the Fifth Judicial Dis-
trict, Tuolumne County

This was an action to enjoin the defendant from taking
possession of certain land to which he claimed title under a
decree foseclosing a mortgage.   The complaint alleges that
in July, 1869, the premises in suit—unsurveyed. land of the
United States—were quitclaimed by one Baldwin to the de-
fendant, Ebeler; that in August of that year the plaintiff
gave his promissory note to the defendant for a sum of
money; that in April, 1871, the plaintiff, being in possession
of the land, entered it as a homestead under the laws of the
United States; that in February, 1872, defendant brought
an action to recover the amount of the note, alleging that
the Baldwin deed was intended as a mortgage to secure the
payment of the note, and asking that it be foreclosed as
such; that the plaintiff, then defendant, was made a party
to the suit and did not answer, and a decree of foreclosure
was entered, under which the Sheriff sold the land to the
defendant, Ebeler; that the land was not redeemed, but was
deeded to the defendant by the Sheriff; and that the Sheriff
was about to put the defendant in possession.   The defend-
ant demurred that the complaint did not state a cause of
action, and that it showed the plaintiff had had his day in

Court, his rights having been adjudicated in the foreclosure suit, The demurrer was sustained, judgment was rendered for the defendant and the plaintiff appealed.

*J. D. Redmond* and *Edwin A. Rodgers,* for Appellant.

The deed of Baldwin only gave a lien upon whatever right, title, or interest Baldwin and Hutchings had in the premises at the date of the deed, and no right, title, or interest subsequently acquired by either of them, to the premises, inured to the benefit of the mortgagee.

The Sheriff's sale and deed only conveyed to and vested in Ebeler such title, whatever it was, and was liable to be defeated by any superior title acquired by Baldwin or Hutchings subsequent to the execution of the mortgage.

We cannot alter, subtract from, or add to the terms of the deed of Baldwin of July 23d, 1869—it only professed to be, and was only a quitclaim deed, and the mortgage which it was understood it should be considered to be, must be read by its light—it only mortgages a quitclaim title.

"The only effect of a decree in the foreclosure is the subjection to sale of the estate pledged for the satisfaction of the mortgage." (*Boggs* v. *Fowler* and *Hargrave,* 16 Cal. 559; *Branham et al.* v. *The Mayor, etc.,* 24 Cal. 585.)

*Caleb Dorsey,* for Respondent.

The complaint shows that at the time Ebeler foreclosed his mortgage, Hutchings had filed his homestead in the Land Office of the United States at Stockton. Whatever rights he acquired under the Homestead Act of Congress were existing at the time the foreclosure suit was commenced, and he should have pleaded his homestead privilege in that suit. It was a defense which he could have set up in that action, and not having done so he cannot set up his homestead privilege in another action. The complaint shows that his rights under the Homestead Act could have been and ought

to have been set up in that action, and not having done so, it is now too late to set it up in this, or any other action. It is *res judicata* and cannot again be litigated. (*Gray* v. *Dougherty*, 25 Cal. 266; *Boston* v. *Haynes*, 33 Cal. 31.)

By the COURT:

The default of this plaintiff in the foreclosure suit brought by Ebeler, was an admission of all the material facts averred by the plaintiff in that case, and authorized the Court to render any decree in acordance with those admitted facts. It was sought by that suit to foreclose the mortgage as against the present plaintiff, and procure an order of sale of the mortgaged property to satisfy the amount due upon his note. The decree ordered a sale of the right, title, and interest of this plaintiff (then defendant) in the mortgaged premises, and this relief was properly awarded. The plaintiff does not pretend that at the date of the commencement of the present suit he had acquired any further or other title than that which he had at the date when the foreclosure proceedings were instituted. If he desired to prevent the sale of the land and confine the operation of the decree of foreclosure to the interest of Baldwin, he should have preferred his claim in that proceeding. He had his day in Court, and upon well settled principles is now estopped from contesting the validity of the decree. The demurrer was properly sustained.

Judgment affirmed.