[Civ. No. 13960. Second Dist., Div. Three. Oct. 14, 1943.]

MABEL L. SCHILLER, Respondent, v. WILLIAM A. SCHILLER, Appellant.

Francis D. Adams for Appellant.

H. M. Lineman and Mab Copland Lineman for Respondent.

DESMOND, P. J.—Respondent in this case secured by default on April 15, 1942, an interlocutory decree of divorce, by the terms of which her husband was directed to pay her for her support and maintenance the sum of $125 per month

for the balance of her lifetime or until she should remarry. The decree, as originally made, contained the following language: "Defendant is also ordered to pay plaintiff the further sum of $150.00 in installments of $25.00 on the 16th day of each month commencing April 16, 1942, to be paid at No. 1124 Van Nuys Building, 210 West 7th Street, Los Angeles, California."

On May 19, 1942, counsel for appellant made a motion to set aside the interlocutory judgment of divorce on the ground that the court was without jurisdiction of the persons or property of the defendant and was without power to enter interlocutory judgment in the case. The motion to set aside the interlocutory decree was taken under submission and on July 16, 1942, was denied by the trial court, but the decree, by the same order, was modified by striking out the above mentioned language providing for the additional payment of $150 in $25 monthly installments.

Although the motion which was passed upon by the trial court was one to set aside the interlocutory judgment, the appeal which defendant has filed is an appeal "from that part of that certain order made and entered by the Court in this action on the 16th day of July, 1942, wherein said Court refused and denied defendant's motion to vacate provisions awarding alimony to the plaintiff, as provided in the Interlocutory Judgment of Divorce, entered April 20, 1942." The appellant's brief states that the appeal has been taken from the order denying the motion of defendant to set aside the interlocutory decree of divorce and from the judgment, but reference to the transcript satisfies us that there is no appeal here from the interlocutory decree of divorce but only from the order refusing to vacate the portion of the decree that provides alimony. It is contended: First, that there is no evidence as to the amount or necessity for the payment of any alimony. Second, that neither the complaint nor the prayer contains any reference to an alleged property settlement which, it is claimed, the court indirectly approved by ordering certain payments of alimony as therein provided.

At the default hearing, the plaintiff's testimony, corroborated by her adult daughter, was a recital of cruelty involving mental anguish and physical violence, and included a presentation to the trial court of an instrument which was introduced as plaintiff's Exhibit 1, concerning which plaintiff's counsel made inquiry as follows:

"Q. I will show you here an instrument and ask you if that is your signature and that of your husband (showing a paper to the witness). A. Yes, it is.

"Q. It contains a settlement of your property rights? A. Yes, it does.

"Q. And you are satisfied with this? A. Yes, I am."

After hearing the testimony and receiving the instrument in evidence, the trial judge stated "All right, decree granted. I would like to approve this agreement, but unfortunately it is no part of the prayer of the complaint." But upon consideration he decided to incorporate in the interlocutory decree which was granted an order for support and maintenance in the sum of $125 a month, payable in equal installments of $62.50 on the 16th and on the 1st day of each month commencing April 16, 1942, which was the amount agreed upon in the contract between the parties. This property settlement agreement, which was executed by the parties after the divorce action was filed and served, contained the following provisions: "That Whereas, a divorce action is pending between the parties hereto and they are desirous of entering into a property settlement whereby to determine and fix all their respective property rights, present and future, and the rights of either concerning alimony, separate maintenance, attorney's fees and rights of inheritance.

"FIRST: First Party shall pay to Second Party for her support and maintenance and as part of the consideration of this agreement, the sum of One Hundred Twenty-five ($125.00) Dollars a month for and during her lifetime, or until her remarriage, payable on the 16th and 1st days of each month beginning the 16th day of April, 1942. . . .

"SIXTH: Nothing in this agreement is intended to appear as a waiver upon the part of either of said parties to maintain a suit for divorce against the other, but in the pending case or in any case for divorce or separate maintenance, this agreement shall be conclusive as between the parties as to their property rights and their respective rights to alimony, maintenance and support."

The complaint alleged that "plaintiff has not sufficient income from any source for her support, or with which to employ counsel for services necessarily rendered and to be rendered in this action, or with which to pay necessary costs herein; that the defendant is able-bodied and steadily employed as an industrial engineer with the Vultee Aircraft Corporation, and as such is, as this plaintiff is informed and

believes, and therefore so alleges, earning the sum of $450.00 or more per month, and that defendant has ample and sufficient means and income to enable him to pay to plaintiff a reasonable amount per month for her support, pendente lite and permanently, and for court costs, and also a reasonable sum as and for counsel fees." The prayer was for a decree of divorce; that the court make an order directing defendant to pay to plaintiff a reasonable sum per month for her support and maintenance, both pendente lite and permanently; that the court award plaintiff her equitable share of any community property belonging to the parties. In regard to community property, an allegation in the early part of the complaint was to the effect that "the parties own certain property which is their community property, but this plaintiff has not sufficient information or belief to enable her to allege the extent and character thereof save and except that in part the same consists of certain equities in life insurance policies."

It appears that sufficient evidence was introduced in this case to justify the court in deciding that alimony was necessary and there is nothing to show that the award constituted an abuse of discretion. (See *Horton* v. *Horton* (1941), 18 Cal.2d 579, 582-3 [116 P.2d 605]; *Brown* v. *Brown* (1915), 170 Cal. 1, 5 [147 P. 1168].) On the contrary, and having in mind the undenied allegations of the complaint concerning the earning power of the appellant, the amount ordered paid by the court for the support and maintenance of plaintiff each month seems so reasonable as to give appellant no cause of complaint. Order affirmed.

Shinn, J., and Shaw, J. pro tem., concurred.