[Civ. Nos. 13618, 13624. First Dist., Div. Two. May 4, 1949.]

HAZEL M. KROUPA, Plaintiff and Appellant, v. RICHARD W. KROUPA, Defendant and Appellant.

(Two Cases)

Carl H. Allen and George L. Cooke for Plaintiff and Appellant.

Goldstein, Barceloux & Goldstein for Defendant and Appellant.

DOOLING, J.—Two appeals are herein presented, the first by Hazel M. Kroupa from an order of the superior court denying her application for an increase of alimony, and the second by Richard W. Kroupa, from a subsequent order directing him to pay Hazel M. Kroupa $250 for attorneys' fees to prosecute the first appeal plus the necessary costs of that appeal. The parties will hereafter be referred to as plaintiff and defendant.

Plaintiff on May 25, 1944, filed a complaint for divorce from defendant. On June 8, 1944, an answer signed in propria persona by defendant was filed, denying only the alleged grounds for divorce, and on June 9, 1944, a written stipulation was filed that the cause might be set for trial on the uncontested calendar and waiving notice of time of trial, findings of fact and conclusions of law. The complaint prayed

for $75 per month alimony. On June 10, 1944, an interlocutory decree of divorce was entered which recites that defendant appeared in propria persona but offered no evidence. This decree provides for $75 per month as alimony and the same provision was carried into the final decree of divorce.

The motion for an increase of alimony was made on August 13, 1946, and was supported by plaintiff's affidavit showing a change in circumstances both in the increase of defendant's earnings and of plaintiff's necessities.

██ The trial court treated the divorce decree as one taken by default and held that since the complaint prayed for alimony at the rate of $75 per month the court was without jurisdiction to amend the judgment to allow more. Whether, under the facts recited, the decree was in fact a default decree need not, as we view the law, be decided.

Defendant relies upon Code of Civil Procedure, section 580:

"The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint. . . ."

Our case technically does not fall under this provision for here there was an answer, but treating the case as one in which there was no answer defendant is confronted with another code provision, Civil Code, section 139, reading, so far as here material:

"Where a divorce is granted for an offense of the husband, the court may compel him . . . to make such suitable allowance to the wife for her support . . . as the court may deem just . . . and the court may, from time to time, modify its orders in these respects."

The provision for modification in the last clause quoted gives the divorce court generally the power to increase or decrease the alimony allowed in the decree of divorce upon a showing of changed circumstances sufficient to justify such modification. (1 Cal.Jur., Alimony and Separate Maintenance, §§ 83, 84, pp. 1031-1035.)

Defendant contends that the power to modify in this case is limited by the provision of Code of Civil Procedure, section 580 above quoted under which it is argued plaintiff cannot have any modification which would increase the award to her above the $75 per month prayed for in her complaint. No case directly in point has been discovered. Defendant relies upon the cases which hold that the original judgment in a divorce action where the judgment is granted by default cannot pro-

vide for alimony in excess of the prayer of the complaint. (*Blackwell* v. *Blackwell*, 86 Cal.App.2d 513 [194 P.2d 796]; *Eddy* v. *Eddy*, 64 Cal.App.2d 672 [149 P.2d 187]; *Peck* v. *Peck*, 52 Cal.App.2d 792 [127 P.2d 94]; *Darsie* v. *Darsie*, 49 Cal.App.2d 491 [122 P.2d 64].)

None of the cases however deals with the question here presented. It does not necessarily follow from the fact that Code of Civil Procedure, section 580 forbids the court initially to include in a default divorce decree a provision for alimony in excess of the prayer of the complaint that it also forbids the court later to modify the alimony award upon a showing of changed circumstances pursuant to Civil Code, section 139.

Statutes are to be reasonably construed to effect their legitimate purpose. (Civ. Code, § 3542; 23 Cal.Jur., Statutes, § 139, pp. 764-765.) The purpose of Code of Civil Procedure, section 580 is to assure a defendant that if he does not contest the action the judgment taken against him will not go beyond the prayer of the complaint, "for a defendant has the right to assume that the judgment which would follow a default on his part would embrace only the issues presented by the complaint and the relief therein asked." (*Horton* v. *Horton*, 18 Cal.2d 579, 583 [116 P.2d 605].) This purpose is fully accomplished in a divorce action if the alimony initially allowed to a wife against her defaulting husband does not exceed the amount prayed for.

The purpose of the provision in Civil Code, section 139 allowing the subsequent modification of alimony awards is to give the court a continuing jurisdiction to increase or decrease the allowance initially made to meet changes in the circumstances and necessities of the parties, both of the divorced husband and the divorced wife, to the end that on the one hand the payments required of the divorced husband shall not be unduly onerous upon him in view of any change in his circumstances since the entry of the decree, and on the other hand that any increase in the necessities of the divorced wife may be taken care of within the limits of the divorced husband's reasonable ability to meet them. The reason for this continuing jurisdiction is as great in a case where the original decree is taken by default of the husband as in any other.

If defendant's position is correct in this case it would still be open to him to ask for a modification of the decree under Civil Code, section 139 to reduce his alimony payments below $75 per month, but it would not be open to plaintiff to secure a modification to increase them beyond that amount however

great her necessities may have become in the meantime nor however much defendant by reason of improved economic position may then be reasonably able to pay.

The two code sections must be construed to reconcile them if possible and to effectuate the legislative purpose involved in each. In doing this we are entitled to consider that Code of Civil Procedure, section 580 is a general statute applying to all judgments taken by default for failure to answer in every type of action and that Civil Code, section 139 is a special statute applying only to judgments for alimony. It is an accepted rule of statutory construction that a general statutory provision must yield to one that is special. (23 Cal. Jur., Statutes, § 136, pp. 762-763.)

It was said in *Hough* v. *Hough*, 26 Cal.2d 605, 612 [160 P.2d 15]:

"The settlement of property rights should be final in order to secure stability of titles. Support allowances on the other hand should be subject to the discretion of the court as justice may require. It may well be reasoned that the provision of section 139 of the Civil Code authorizing the modification of support allowances becomes an implied part of the agreement when it is incorporated into the decree."

It may be reasoned with more force that construing Code of Civil Procedure, section 580 and Civil Code, section 139 together, the former section is satisfied if the original decree in a default case does not allow alimony in excess of the prayer and that the right to modify the award reserved to the court by the latter section becomes an implied part of the decree. No violence is done to due process by such a construction of the two sections. The defendant is assured that if he defaults no alimony judgment may be taken against him in excess of the prayer of the complaint and he is also assured that no modification upward will afterwards be made without a showing of a change in circumstances and after full opportunity afforded to him to be heard in opposition to the plaintiff's motion.

Defendant also argues that the $75 allowance contained in the decree was part of a property settlement agreement arrived at by the parties and for that reason may not be increased. The record fails to support the contention. The decree refers to no property settlement and the affidavits of the parties are not sufficient to show one. The defendant's affidavit denies "that any agreement of any kind was made with the plaintiff other than that he would consent, and in

fact did consent, to her requesting, and his paying the sum of $75.00 per month toward her support and maintenance and no more.'' This, even if true, falls far short of establishing a property settlement. ■ An agreement solely for the payment of alimony is subject to modification by the trial court both in the decree and afterwards. (*Adams* v. *Adams,* 29 Cal.2d 621, 624-625 [177 P.2d 265]; *Hough* v. *Hough, supra,* 26 Cal.2d 605, 612.) ■ An award of alimony is likewise subject to modification under Civil Code, section 139 even when based on a property settlement where the decree makes no reference to the settlement agreement. (*Ross* v. *Ross,* 1 Cal.2d 368 [35 P.2d 316]; *Gosnell* v. *Webb,* 60 Cal. App.2d 1, 4 [139 P.2d 985]; *Armstrong* v. *Armstrong,* 132 Cal.App. 609 [23 P.2d 50].)

The appeal from the order allowing plaintiff counsel fees and costs to prosecute the first appeal is based solely on the ground that the trial court had no jurisdiction to modify the alimony award. It follows from our conclusion that the trial court has such jurisdiction that this order must be affirmed.

The order denying the plaintiff's motion to modify the provision for alimony is reversed with directions to the trial court to entertain the motion and decide it on its merits. The order allowing counsel fees and costs is affirmed.

Nourse, P. J., and Goodell, J., concurred.

Defendant and appellant's petition for a hearing by the Supreme Court was denied June 27, 1949.