[Civ. No. 5567.   Fourth Dist.   Nov. 8, 1957.]

MARY JANE PORTER DUQUE, Appellant, v.
ROMAULDO DUQUE, Respondent.

D. Larry Thorne and Harold A. Bailin for Appellant.

Roland C. Rutledge for Respondent.

STONE, J. pro tem.*—On October 30, 1944, appellant Mary Jane Porter Duque was granted an interlocutory decree of divorce from respondent Romauldo Duque by the Superior Court of California, in and for the County of San Bernardino. In that default proceeding the court awarded plaintiff custody of the two then minor children of the parties and ordered that defendant pay the plaintiff the sum of $50 a month for the support of said children and the sum of $50 a month for the support and maintenance of herself. No mention was made in the decree of any community property belonging to the parties. A final judgment of divorce was entered on November 6, 1945. The court therein repeated verbatim its order as stated in the interlocutory judgment. Thereafter, on June 30, 1952, the parties entered into an understanding labeled ''Agreement'' purporting to vary the provisions of the divorce decree relating to support and maintenance and to divide certain real property which was theretofore held by the parties as joint tenants. The said ''agreement'' expressly stated at page 2 thereof that the parties mutually agreed to thereby modify the terms of the divorce decree and to reduce the monthly sum due plaintiff for her own support and maintenance from $50 per month to $30 per month. The real property was to be deeded to the two children as joint tenants with a life estate reserved to the plaintiff. All unpaid support and maintenance or alimony claims were waived by the document. The agreement has never been submitted to any court for a determination as to whether or not it was fair and equitable and has never been by court order incorporated into or by reference made a part of either the interlocutory or final decree of divorce. During June of 1956, plaintiff secured an order to show cause why defendant's support payments should not be increased to $100 per month. There was no

---

*Assigned by Chairman of Judicial Council.

court reporter present at the hearing but the stipulated statement of facts reveals the following proceedings:

"The plaintiff, Mary Jane Porter Duque, was called to the stand by her attorney as his first witness when the matter came on for hearing. Before Mrs. Duque could be sworn, counsel for defendant objected to the introduction of evidence upon the ground that the Court did not have jurisdiction to hear and determine the matter. After making his objection, defendant's attorney offered to orally argue the issue of jurisdiction at that time. Plaintiff's attorney thereupon asked leave of the Court to submit the question upon the filing of written points and authorities rather than the presentation of oral argument at the time. The court thereupon ordered that the matter be submitted upon the filing of written points and authorities and allowed time to each party to comply."

No testimony or evidence other than a copy of the purported property settlement agreement was presented to the court. The court denied the application for modification of the final decree upon the ground that execution of the contract between the parties deprived the court of jurisdiction.

In a divorce action the court has continuing jurisdiction pursuant to Civil Code, section 139, insofar as alimony or support payments for the wife are concerned. The court may modify either an interlocutory or final decree of divorce in that respect. However, a property settlement agreement settling the property rights of the parties which makes the amount of future payments of support an inseverable part of the agreement may not thereafter be modified without the consent of both the contracting parties if the agreement is approved by the court. (*Helvern* v. *Helvern,* 139 Cal.App.2d 819 [294 P.2d 482].) If the property settlement agreement is not incorporated in and made a part of the interlocutory or final decree and the court does not approve the agreement as fair and equitable or rule on the contractual relations of the parties, the statutory power of the court under Civil Code, section 139, to modify its order awarding alimony is not affected by the fact the parties entered into such agreement. (*Ross* v. *Ross,* 1 Cal.2d 368 [35 P.2d 316].)

In this case the contract was entered into some six years subsequent to the entry of the final decree and was completely extrajudicial in that it was never presented to any court for approval. Until such time as a contract executed by the parties to a divorce action and as an adjunct to such divorce action has been passed upon by the court, jurisdiction is retained by the court under Civil Code, section 139.

■ It would be against public policy to permit parties by private agreement to deprive a court of jurisdiction which is conferred upon it by statute. (12 Cal.Jur.2d p. 295, § 95; 13 Cal.Jur.2d, p. 603, § 91.)

The order denying the application for modification of the interlocutory decree is reversed.

Barnard, P. J., and Griffin, J., concurred.