[Civ. No. 25621.   Second Dist., Div. Two.   Aug. 27, 1962.]

ADENA ARLINE STEORTS, Plaintiff and Appellant, v. JACK JUNIOR STEORTS, Defendant and Respondent.

David C. Marcus for Plaintiff and Appellant.

Emanuel Cowitt and Jack I. Esensten for Defendant and Respondent.

FOX, P. J.—This is an appeal from an order modifying the interlocutory decree and final judgment by reducing the amount defendant is required to pay plaintiff for her support and maintenance from $250 to $175 per month.

In November 1958 plaintiff was granted an interlocutory decree of divorce which awarded the care and custody of the minor child to the plaintiff with reasonable rights of visitation to defendant, and directed, *inter alia,* that defendant make regular monthly payments for the support of said child and that "the defendant pay directly to plaintiff for her support and maintenance the sum of $250.00 each month, one-half on

the 7th day and one-half on the 22nd day of each and every month, commencing on the 7th day of December, 1958; said payments shall continue until the death of husband or on the death or remarriage of wife, or until such time as the wife shall have earned in her individual capacity $6000.00 per annum net prior to taxes for two consecutive years; . . .''

Paragraph V of the complaint reads: ''In the event of a property settlement agreement being executed by and between the parties hereto, plaintiff asks that the same be approved by this court, incorporated in and made a part of any decree rendered by said court in this action.'' The complaint was not amended to allege the making of any property settlement agreement. No reference is made in either the interlocutory decree or final judgment to any property settlement or agreement between the parties for the support and maintenance of the plaintiff and the minor child.[1] We are informed, however, in plaintiff's brief that a document entitled property settlement agreement and purportedly signed by the parties was received in evidence as an exhibit. It is not in the record before us.

On December 20, 1960, following a hearing on an order to show cause procured by defendant in which he was seeking a modification of the interlocutory decree by way of a reduction in the amount he was required to pay plaintiff for her support, and which was contested, *inter alia,* on the theory that the said decree represented an integrated property settlement agreement and was therefore not subject to modification, the court found that the decree ''is a non-integrated agreement and subject to modification.'' Modification, however, was then ''denied on the merits.'' No appeal was taken from this order.

In March 1961 defendant procured another order to show cause, supported by his affidavit by which he again sought a reduction in the amount of support that he was required to pay his former wife under the interlocutory and final decrees. He recited the provision quoted above from the interlocutory decree with respect to the monthly payments he was required to make to the plaintiff for her support and maintenance and also stated facts showing change of circumstances which he contended justified reduction in his monthly support payments to his former wife. After a hearing, the court, on April 7, 1961, entered an order, the material portion of which reads

[1]Present counsel did not represent plaintiff in the initial divorce proceedings which was a default case.

as follows: "The interlocutory judgment of divorce of November 17, 1958 and final judgment of Nov. 30, 1959 are modified in the following respects only: the defendant is ordered to pay to plaintiff for her support and maintenance, $175 per month, payable on the 10th of each month, commencing April 10, 1961 and continuing until further order." By this latter order the court reduced the defendant's payments for the support and maintenance of the plaintiff from $250 to $175 per month. It is from this order that plaintiff has appealed.

This is the definitive question on this appeal: Does the trial court have authority to modify the provision in the interlocutory decree quoted above requiring defendant "to pay plaintiff for her support and maintenance the sum of $250.00 each month"? This question must be answered in the affirmative.

Since there is no allegation in the complaint or in any amendment thereof relative to the execution of any property settlement agreement between the parties, and no reference to such a document in either the interlocutory decree or final judgment, it is apparent we do not have here any problem of a property settlement being incorporated in either the interlocutory or final decrees. No such document is before this court. We have no reporter's transcript of the hearing on the order to show cause although both parties testified.

Implicit in the court's order reducing the monthly payments for the "support and maintenance" of plaintiff from $250 to $175 per month is the determination by the trial court that the order in question is an alimony order and not a property settlement provision. Analysis of the order supports this determination as to the character of the order.

First we note the context in which the order appears in the interlocutory decree. After awarding custody of the minor child to plaintiff subject to reasonable visitation, it is provided that defendant pay a stated amount monthly to plaintiff "for the support and maintenance" of the minor child and that such payments shall continue "until such time as the said child shall become self-supporting." Then follows the order (quoted in full *supra*) which requires that "defendant pay directly to plaintiff *for her support and maintenance* the sum of $250.00" per month and that "said payments shall continue until the death of husband or on the death or remarriage of wife, or until such time as the wife shall have earned in her individual capacity $6000. per annum net prior to taxes for two consecutive years." (Emphasis added.) These provisions

point unerringly to the idea that her support was of paramount consideration. Defendant's payments terminate upon (1) plaintiff's death, (2) her remarriage (for then presumably her new husband would support), or (3) in the event she showed a sustained and substantial earning power for two years (for then she presumably would have demonstrated she could continue to earn enough to support herself). The following and final provision in the interlocutory decree is: "The community property is awarded to the party presently in possession thereof." The language used in the support and maintenance order and the context in which the provision is found strongly support the trial court's determination that it is an alimony or support order and therefore subject to modification. (Civ. Code, § 139; *Kroupa* v. *Kroupa,* 91 Cal.App.2d 647, 652 [205 P.2d 683]; *Duque* v. *Duque,* 155 Cal.App.2d 142, 144 [317 P.2d 63].)

Plaintiff mistakenly interprets the order of modification as modifying the provisions of the contract for her support. Actually the order modifies the provisions of the interlocutory and final decrees. What rights, if any, plaintiff has under the contract she entered into with her former husband are not before us.

No point is made in the briefs that the court abused its discretion in modifying the amount that defendant should pay for the support and maintenance of plaintiff in the event it was determined that the decree was subject to modification. We are therefore not called upon to consider that matter. (*Wheeling* v. *Financial Indem. Co.,* 201 Cal.App.2d 36, 44 [19 Cal.Rptr. 879].)

In view of the conclusion we have reached it is unnecessary for us to pass upon the effect (which counsel have debated) of the finding of December 20, 1960, since, in any event, the result would not be changed.

The order is affirmed.

Ashburn, J., and Herndon, J., concurred.