[No. F009940. Fifth Dist. Dec. 29, 1989.]

In re the Marriage of MARGUERITE ML and DENIS F. WELLS.
DENIS F. WELLS, Appellant, v.
MARGUERITE ML WELLS, Respondent.

**COUNSEL**

Morse, Morse & Morse and R. Neil Morse for Appellant.

No appearance for Respondent.

OPINION

MARTIN, Acting P. J.—On December 11, 1986, respondent Marguerite ML Wells filed an order in the Merced County Superior Court to show cause and temporary restraining orders relating to domestic violence. Respondent was acting in propria persona. Appellant husband Denis F. Wells filed a responsive declaration to the order to show cause and a notice of motion on December 17, 1986. On the same day, appellant filed a petition for dissolution of marriage. Proof of service of summons was filed on December 19, 1986.

The parties entered into mediation and stipulated regarding joint legal and physical custody of the two children of the fourteen-year marriage. The court ordered visitation rights per the mediation agreement. The stipulation did not make any reference to child or spousal support.

Default was entered against respondent wife on February 5, 1987. Service was by publication and a copy of the request to enter default was mailed to wife's last known address.

On June 5, 1987, the County of Merced, on behalf of the minor children, Robert and Frank Wells, filed a complaint for child support and reimbursement of public aid against appellant husband.

A default hearing on appellant husband's petition for dissolution was held on November 30, 1987. Respondent wife was given notice of and appeared at the hearing and the court ordered the parties to effect a property distribution, which was accomplished. At the hearing, over the objection of appellant husband's trial counsel, the court reserved jurisdiction over the issue of spousal support. The court also reserved jurisdiction over the issue of child support and reimbursement to the county pending a resolution of the complaint for reimbursement of public aid and for child support previously filed by the County of Merced, superior court case No. 85858.

The final judgment of dissolution which reserved, inter alia, the issue of spousal support was filed on December 14, 1987. Notice of entry of judgment was filed the same day.

Judgment was entered in case No. 85858 on January 12, 1988, ordering appellant husband to pay reimbursement to the County of Merced in the sum total of $750 to be repaid at the rate of $50 per month.

On January 13, 1988, an order was filed pursuant to a stipulation entered into on December 18, 1987, which required appellant husband to pay, inter

alia, the sum of $100 per month to respondent wife as child support payments for Frank L. Wells. The issue of child support for the other son, Robert J. Wells, was reserved.

On February 3, 1988, respondent wife filed an order to show cause and an application for order and supporting declaration seeking spousal support in the amount of $300 per month.

A timely notice of appeal was filed in action No. 84273 on February 11, 1988.

## DISCUSSION

In the instant case husband, the supporting spouse,[1] filed a petition for dissolution of marriage and did not request spousal support for either party. No response was filed by the supported spouse and a default hearing was held after proper notice in which no request for spousal support was advanced, nor was a request for reservation of jurisdiction of spousal support otherwise made. ■ It is appellant's contention, therefore, that the lower court exceeded its jurisdiction in reserving the issue of spousal support over the objection of appellant and, in so doing, granted relief in excess of that requested in violation of section 580 of the Code of Civil Procedure.[2]

■ The intent of section 580 is to ensure that a defendant who declines to contest an action does not thereby subject himself to open-ended liability. (*Greenup* v. *Rodman* (1986) 42 Cal.3d 822, 826 [231 Cal.Rptr. 220, 726 P.2d 1295].) Reasoning that a default judgment which exceeds the demand would effectively deny a fair hearing to the defaulting party, the Courts of Appeal have consistently read section 580 to mean that a default judgment greater than the amount specifically demanded is void as beyond the court's jursidiction. (*Ibid.*)

Statutes are to be reasonably construed to effect their legitimate purpose. (Civ. Code, § 3542.) The purpose of section 580 is to assure a defendant that if he does not contest the action, the judgment taken against him will not go beyond the prayer of the complaint, "for a defendant has the right to assume that the judgment which would follow a default on his part would

---

[1] The record contains ample inferences from which we can reasonably conclude that appellant husband is the supporting spouse. Respondent wife was receiving "aid for dependent children" at the time of the default hearing.

[2] Code of Civil Procedure section 580 provides: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case, the Court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

All statutory references are to the Code of Civil Procedure unless otherwise indicated.

embrace only the issues presented by the complaint and the relief therein asked." (*Horton* v. *Horton* (1941) 18 Cal.2d 579, 583 [116 P.2d 605].) ■ In our view, this purpose is fully accomplished in a divorce action even though the trial court reserves the issue of spousal support as to both parties.

Section 4801, subdivision (a) of the Civil Code provides in pertinent part: "In *any* judgment decreeing the dissolution of a marriage or a legal separation of the parties, the court may order a party to pay for the support of the other party any amount, and for any period of time, as the court may deem just and reasonable. . . ." (Italics added.)

Appellant's argument is based on rule 1206 of the California Rules of Court (hereinafter Rule or Rules),[3] concluding that section 580 controls over Civil Code section 4801, which provides that in "any judgment decreeing the dissolution of a marriage or a legal separation of the parties, the court may order a party to pay for the support of the other party . . . ."

These two code sections must be construed to reconcile them if possible and to effectuate the legislative purpose involved in each. Section 580 is a general statute applying to all judgments taken by default for failure to answer in every type of action. (*Kroupa* v. *Kroupa* (1949) 91 Cal.App.2d 647, 651 [205 P.2d 683].) Section 4801 of the Civil Code is a special statute applying only to judgments decreeing the dissolution of a marriage. It is an accepted rule of statutory construction that a general statutory provision must yield to one that is special. (*Ibid.*) Section 4801 of the Civil Code applies to "any" judgment decreeing the dissolution of marriage which would appear to include a default judgment in dissolution proceedings. (See generally *Kroupa* v. *Kroupa, supra,* 91 Cal.App.2d 647, 651.)

Numerous cases in which it has been held that section 580 requires that a default judgment in a dissolution action which is greater than the amount specifically demanded in the petition be considered void as beyond the court's jurisdiction involve the default being taken against the *supporting* spouse. (*Horton* v. *Horton, supra,* 18 Cal.2d 579, 583; *Blackwell* v. *Blackwell* (1948) 86 Cal.App.2d 513, 516 [194 P.2d 796]; *Peck* v. *Peck* (1942) 52 Cal.App.2d 792, 793 [127 P.2d 94]; *Burtnett* v. *King* (1949) 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333]; *Wilkinson* v. *Wilkinson* (1970) 12 Cal.App.3d 1164, 1166 [91 Cal.Rptr. 372]; *Greenup* v. *Rodman, supra,* 42

---

[3] Rule 1206 provides: "Except as otherwise provided in these rules, all provisions of law applicable to civil actions generally apply regardless of nomenclature to a proceeding pursuant to the Family Law Act if they would otherwise apply to such proceeding without reference to this rule. To the extent that these rules conflict with such provisions, these rules shall prevail."

Cal.3d 822, 824.) In the instant case default was taken against the *supported* spouse. The supported spouse was noticed as to the default hearing and permitted to actively participate therein. Where an appearance had been made by a defendant against which a default had been taken in a dissolution action and he, the supporting spouse, and his counsel were both present and actively participated in the trial and evidence is introduced on his behalf in contest of the issues raised by the pleadings, it has been held that there is no need for his protection against undue advantage and the reason behind section 580 no longer exists. (*Cushman* v. *Cushman* (1960) 178 Cal.App.2d 492, 496 [3 Cal.Rptr. 24].) Furthermore, the issue of spousal support has been held to be "so germane to the issue of divorce that a [supporting spouse] must anticipate an award therefor although there is no prayer to that effect." (*Burtnett* v. *King, supra,* 33 Cal.2d at p. 810.)

■    Moreover, it cannot be disputed that although section 580 forbids the court initially to include in a default divorce decree an award of alimony in excess of the prayer of the complaint, said section does not forbid the court to later modify the alimony award upon a showing of changed circumstances. (*Kroupa* v. *Kroupa, supra,* 91 Cal.App.2d 647, 650.)

■    Here, the trial court simply reserved the issue of spousal support for the potential benefit of each of the parties. Both parties were thereby effectively given notice that spousal support remained a viable issue. At the order to show cause hearing for spousal support, the supporting spouse must be given a full opportunity to be heard and to contest the supported spouse's request for alimony. He can be both present at the hearing and actively participate therein. Therefore, there is no reason to believe any due process violation will occur.

In *Cushman* v. *Cushman, supra,* 178 Cal.App.2d 492, a case preceding by some 10 years the adoption by our Legislature of "The Family Law Act," effective January 1970, the Second District Court of Appeal stated in an analogous situation: "The obvious reasoning behind the rule that where a divorce decree is entered by default, alimony may not be granted if not prayed for in the complaint, is that a party has a right to assume that the judgment following his default will not go beyond the issues presented by the complaint and the relief asked therein, and if a judgment other than that demanded is taken against him, he is deprived of his day in court (*Peck* v. *Peck,* 52 Cal.App.2d 792 . . . ; *Parker* v. *Parker,* 203 Cal. 787 . . .); and this rationale is manifest in the cases cited by appellant. But when, as here, an appearance has been made by defendant, he and his counsel are both present at the trial and actively participate therein, and evidence is introduced on his behalf in contest of the issues raised by the pleadings, there is no need for his protection against undue advantage and the reason therefor

no longer exists. Defendant, present and properly represented, has knowledge of what takes place at the hearing, is in a position to object to that which he deems improper, and can participate in the trial and defend himself if necessary." (*Id.* at pp. 496-497.) Here appellant was the moving party, present in court with counsel and had a full opportunity to object, which he did, and to be heard when the trial court concluded, based on the 14-year marriage, it was appropriate to order that the issue of spousal support be reserved for both parties. Appellant was the supporting spouse, wife was acknowledged to be receiving aid for dependent children, and apparently the only community property asset of any substantial value was the equity in the family home which the trial court ordered to be sold. Although *Cushman* is not controlling in the instant case, its reasoning and conclusions remain viable and are compelling when applied to the facts in the instant case.

■ Although the following case did not involve a default, it was stated in *In re Marriage of Morrison* (1978) 20 Cal.3d 437, 453 [143 Cal.Rptr. 139, 573 P.2d 41]: "A trial court should not terminate jurisdiction to extend a future support order after a lengthy marriage, unless the record clearly indicates that the supported spouse will be able to adequately meet his or her financial needs at the time selected for termination of jurisdiction. In making its decision concerning the retention of jurisdiction, the court must rely only on the evidence in the record and the reasonable inferences to be drawn therefrom. It must not engage in speculation. If the record does not contain evidence of the supported spouse's ability to meet his or her future needs, the court should not 'burn its bridges' and fail to retain jurisdiction. (*In re Marriage of Dennis* [(1973)] 35 Cal.App.3d [279] at p. 285 . . . .)"

■ The record in the instant case is devoid of evidence justifying any inference the wife was self-supporting. A reservation of the issue of spousal support under the particular circumstances of this case was within the sound discretion of the trial judge. There was no error.

The judgment is affirmed.

Best, J., and Ardaiz, J., concurred.