[No. A041091. First Dist., Div. Three. Feb. 8, 1990.]

COUNTY OF MENDOCINO, Plaintiff and Respondent, v.
TED S., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II and III.

COUNSEL

Leo Paoli, under appointment of the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Morris Beatus and Josanna Berkow, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**STRANKMAN, J.**—Appellant Ted S. appeals from an amended default judgment which declared him to be the natural father of Theodore S., a minor, and ordered him both to pay child support and to reimburse the County of Mendocino (the County) for public assistance previously provided to the minor. Among other arguments, appellant contends that reversal is required because the record includes no waiver of his right to counsel. We affirm the judgment.

### I. *Factual and Procedural Background*

On June 8, 1987, a complaint was filed pursuant to Welfare and Institutions Code sections 11350 and 11350.1 alleging that appellant was the father of Theodore S., a minor born in May 1984, that appellant had failed to support his child, and that the County had furnished public assistance for the child for over three years. The complaint sought reimbursement for the public assistance, a child support order, and other related relief.

Included in the complaint was the following notice, in capital letters: "YOU HAVE BEEN SUED FOR CHILD SUPPORT. YOU HAVE A RIGHT TO BE REPRESENTED BY AN ATTORNEY. IF YOU ARE FINANCIALLY UNABLE TO PAY FOR AN ATTORNEY, YOU HAVE A RIGHT TO REQUEST THE COURT TO APPOINT ONE TO REPRESENT YOU." Appellant was personally served with the complaint and summons. The summons warned, "You have 30 CALENDAR DAYS after this summons is served on you to file a typewritten response at this court. [¶] A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. [¶] If you do not file your response on time, you may lose the case, and your wages, money and property may be taken

without further warning from the court. [¶] *There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).* (Italics added.)

Appellant did not file an answer or any other response. At the County's request, default was entered on September 18; a hearing was set for October 16, 1987. Appellant attended the hearing, but was not permitted to speak. The court told appellant, "[Y]ou take this up with the district attorney's office to see if there's a problem here. . . . [¶] This is not the time to be bringing anything else up, so you can take this up with [the district attorney] and you can work it out if there's a problem."

Judgment was entered declaring appellant to be the natural father of the minor, and ordering him to reimburse the County in the amount of $4,729 and pay child support in the amount of $100 per month. Because the judgment as originally entered incorrectly stated that appellant was not present at the hearing, an amended judgment was filed on October 21, 1987, correcting that misstatement. Appellant filed a timely notice of appeal from that judgment.

Later, appellant filed a motion to produce evidence in this court, allegedly to establish that he was indigent at the time of the trial court proceedings and that he attended the October 16 default judgment hearing to request appointment of counsel. This court denied that motion.

## II., III.*

· · · · · · · · · · · · · · · · · · · · · ·

## IV. *Waiver of the Right to Counsel*

 Appellant contends that the default judgment should be reversed because the record contains no affirmative evidence that he waived his right to counsel. Appellant recognizes that neither case law nor statute now imposes such a requirement. Nevertheless, he analogizes a criminal proceeding and a paternity action, and urges that because an on-the-record waiver of the right to counsel is required in a criminal case, it should also be required in a paternity action before default judgment may be entered.

---

*See footnote, *ante,* page 1202.

■ We are well aware that principles of due process mandate that before a *stipulated* judgment establishing the obligation to pay child support pursuant to Welfare and Institutions Code section 11476.1 may be entered, the record must reflect that the defendant (1) understands the consequences of the stipulation and judgment, and (2) is aware of his or her right to a hearing at which the County is required to prove paternity, and at which the defendant may present a defense with the assistance of counsel. (*County of Los Angeles* v. *Soto* (1984) 35 Cal.3d 483, 490 [198 Cal.Rptr. 779, 674 P.2d 750]; *County of Ventura* v. *Castro* (1979) 93 Cal.App.3d 462, 467-473 [156 Cal.Rptr. 66].)[2]

Commenting upon the reason for that requirement, our Supreme Court has compared such a stipulated judgment to a guilty plea in a criminal case. (*County of Los Angeles* v. *Soto, supra*, 35 Cal.3d at pp. 489-490.) The court explained that in both situations, the defendant is subject to "coercive pressures" from the prosecution to enter into an agreement or be faced with either civil or criminal prosecution. "Negotiations with a representative of the district attorney, who has the option of initiating a prosecution, cannot be equated with arms length bargaining between parties of equal strength and sophistication. [Citation.]" (*Ibid.*) In both situations, advising the defendant of his or her rights and placing that advice on the record is a prophylactic procedure designed to avoid entry of judgments based on agreements that are not voluntary and intelligent. (See *id.,* at p. 491.)

What is at issue in the present case, however, is a default judgment, not a stipulated judgment. While a stipulated judgment may be analogous to conviction upon a plea bargain, a default judgment is not, as it is not the result of coercive negotiations between parties of unequal bargaining power. Instead, the defendant who defaults in a civil case has presumably chosen, for reasons of his or her own, not to appear and oppose the complaint. ■ A defendant in any civil action has a constitutional right to notice of the relief sought in the complaint and to the opportunity for a hearing on the matter to be adjudicated (*Becker* v. *S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 493 [165 Cal.Rptr. 825, 612 P.2d 915]; *Burtnett* v. *King* (1949) 33 Cal.2d 805, 808 [205 P.2d 657, 12 A.L.R.2d 333]), but a defendant who has received the requisite notice and defaults deliberately

---

[2] As amended in 1982, Welfare and Institutions Code section 11476.1 satisfies due process by providing that a judgment based on an agreement with a noncustodial parent may be entered only if (1) the noncustodial parent is represented by counsel who signs a certificate stating that the parent has been advised of his or her rights and agrees to entry of the judgment; or (2) the trial court advises the noncustodial parent of his or her due process rights and makes a finding that the parent has "willingly, knowingly, and intelligently" waived those rights. (§ 11476.1, subd. (b)(1), (2).)

waives his or her constitutional right to that hearing (*Horton* v. *Horton* (1941) 18 Cal.2d 579, 585 [116 P.2d 605]). Provided proper notice is given, there is no constitutional impediment to entry of a default judgment, notwithstanding the general principle that a waiver of constitutional rights is not presumed.

■ Indigent defendants in civil actions to determine paternity have the right to appointed counsel upon request, as well as the right to notice and hearing. We conclude that if those defendants permit the entry of default, they deliberately waive not only the right to a hearing, but also the right to appointed counsel. As the basis for the default judgment procedure is the absence of a response from the defendant, it would be inconsistent with the nature of that procedure to hold otherwise and require an on-the-record waiver of the right to counsel before permitting entry of default.

*Adoption of Hinman* (1971) 17 Cal.App.3d 211 [94 Cal.Rptr. 487], relied on by appellant, is inapposite. *Hinman* involved a petition by a stepfather to adopt his wife's minor children, without the consent of their father. The appellate court held that the trial court did not violate either Civil Code section 237.5 or the absent and incarcerated father's due process rights by refusing to appoint counsel to represent him, because that decision was based on sufficient information that the father was not indigent and was able to obtain private counsel. (*Id.,* at pp. 216-217.) The *Hinman* court explicitly did not determine what the trial court's obligation would be if it had no information about a nonappearing parent's financial condition. (*Id.,* at p. 217 ["In the instant case we need not concern ourselves with the situation in which the court has no information concerning the parent's financial condition, . . ."].)

■ We recognize both that an adjudication of paternity may have a profound effect on a person's life (see *Salas* v. *Cortez* [(1979)] 24 Cal.3d [22] at pp. 27-29 [154 Cal.Rptr. 529, 593 P.2d 226]), and that the law favors, whenever possible, a hearing on the merits rather than a default judgment (*Shamblin* v. *Brattain* (1988) 44 Cal.3d 474, 478 [243 Cal.Rptr. 902, 749 P.2d 339]). ■ We hold only that when a defendant in a paternity action has been given proper notice of the right to counsel, due process does not require an on-the-record waiver of that right before a default and default judgment may be entered. Appellant's proposal to include an application for appointment of counsel with the complaint and summons in a paternity action initiated by the district attorney is more properly addressed to the Legislature; that body has already demonstrated its willingness to prohibit or restrict the availability of default judgments in certain types of

actions (see, e.g., Code Civ. Proc., § 764.010 [quiet title action]; Civ. Code, § 4511 [dissolution or legal separation]).

## V. *Disposition*

Judgment is affirmed.

White, P. J., and Merrill, J., concurred.