[No. B056133. Second Dist., Div. Five. Nov. 10, 1992.]

In re the Marriage of SHANNAN AVIS and STEVE SHALOM LISS.
SHANNAN AVIS LISS, Appellant, v.
STEVE SHALOM LISS, Respondent.

**COUNSEL**

Capretz & Kazdan and Andrew D. Weiss for Appellant.

Bernard Grossman for Respondent.

## OPINION

**JACKSON, J.***—In this marital dissolution action, appellant Shannan Avis Liss (Wife) appeals from the trial court's further judgment on reserved issues. She contends the court improperly retained jurisdiction to award spousal support to respondent Steve Shalom Liss (Husband). Finding no merit to this argument, we affirm.

Wife's petition for dissolution of marriage and Husband's response were filed on Judicial Council official forms. In Wife's petition, by checking the appropriate boxes, Wife requested that spousal support be awarded to her. In his response, by leaving the boxes blank, Husband failed to request that spousal support be awarded to him. On November 1, 1989, the court filed judgment dissolving the marriage. Pursuant to the parties' marital settlement agreement and stipulations the court at that time decided certain property and other issues. That judgment expressly "reserve[d] jurisdiction over the issue of spousal support" and other issues.

Trial of the reserved issues came on for hearing October 1, 1990. In his trial brief, Husband urged that despite a marriage of over 13 years, the court should not award spousal support nor retain jurisdiction to do so. Husband's argument was that both parties were employed during the marriage, and indeed that Wife's employment history was more stable than Husband's.

At trial, the court on its own motion suggested that in light of the length of the marriage the court should retain jurisdiction as to spousal support for either party. Wife objected to retaining jurisdiction over spousal support for Husband, on the ground Husband had not requested spousal support in his initial response to Wife's petition. Wife argued the court had no "jurisdiction" to retain jurisdiction over spousal support for Husband. The court indicated it would retain jurisdiction unless there was a clear-cut waiver from Husband. Husband stated he would not waive the right to ask for support in the future.

The court did not award spousal support but retained jurisdiction over the issue of spousal support for each party until either party's death, remarriage or further order of the court. The court's statement of decision explained that it retained jurisdiction over the issue of spousal support for each party based on the length of the marriage, and despite Husband's prior failure to request spousal support in his response, because Husband did not waive spousal support.

---

*Judge of the Municipal Court for the Antelope Judicial District sitting under assignment by the Chairperson of the Judicial Council.

## DISCUSSION

■ In arguing that the court had no jurisdiction to retain jurisdiction over spousal support for Husband, Wife misplaces reliance on *In re Marriage of Lippel* (1990) 51 Cal.3d 1160 [276 Cal.Rptr. 290, 801 P.2d 1041]. *Lippel* was a default case. The court applied the rule of Code of Civil Procedure section 580 that the relief granted upon default cannot exceed what was demanded in the complaint. The court held that child support could not be ordered by default where the wife failed to request it in her judicial council form petition for dissolution. (*In re Marriage of Lippel, supra,* 51 Cal.3d at p. 1169.) The instant case does not involve a default. Both parties were represented and involved in preparation of the November 1, 1989, dissolution judgment and in the October 1, 1990, trial of the reserved issues. Due process, the concern in the *Lippel* case, was satisfied by Wife's presence and opportunity to object to the court's retention of jurisdiction. (*In re Marriage of Wells* (1988) 206 Cal.App.3d 1434, 1440 [254 Cal.Rptr. 185].)

Unlike a default case, a trial court has wide discretion in a nondefault matter to permit parties to amend their pleadings in furtherance of justice or to conform to proof. (Code Civ. Proc., §§ 469, 473, 576; Cal. Rules of Court, rule 1215(d) [amendment of family law pleadings]; 5 Witkin, Cal. Procedure (3d ed. 1985) Pleadings, §§ 1121, 1139, pp. 537-539, 553-554.) The trial court did not abuse its discretion in concluding that in light of the lengthy marriage, jurisdiction should be retained as to each party despite Husband's initial failure to request spousal support. Of course, a trial court also has discretion to deny amendments to pleadings if amendment would not be in furtherance of justice. The trial court could have limited retention of jurisdiction to spousal support for Wife, if it found Husband waived spousal support by failing to request it and by opposing retention of jurisdiction in his trial brief. The instant appeal, however, involves only Wife's erroneous contention that the trial court had no *jurisdiction* to exercise its discretion.

Wife contends the court's reservation of jurisdiction in the November 1, 1989, judgment must be *interpreted* as limited to spousal support for Wife, since, as of that date, Husband had not requested spousal support. This argument is not persuasive. The 1989 dissolution judgment expressly reserved jurisdiction "over all other issues," including "the issue of spousal support." (Civ. Code, § 4515, subd. (c).)[1] Having expressly reserved jurisdiction, the court retained jurisdiction to permit Husband to amend his pleading in furtherance of justice. ■ Reservation of jurisdiction over

---

[1]Civil Code section 4515, subdivision (c) provides: "A judgment granting a dissolution of the status of the marriage shall expressly reserve jurisdiction for later determination of all other pending issues."

spousal support after a lengthy marriage is supported by strong policy. (*In re Marriage of Vomacka* (1984) 36 Cal.3d 459, 467-473 [204 Cal.Rptr. 568, 683 P.2d 248]; *In re Marriage of Jones* (1990) 222 Cal.App.3d 505, 513-514 [271 Cal.Rptr. 761]; Civ. Code, § 4801, subd. (d).) Ambiguous orders should be interpreted in favor of reservation of jurisdiction. (*In re Marriage of Vomacka, supra,* at p. 469.)

 A case cited by Wife, *Cochran* v. *Cochran* (1970) 13 Cal.App.3d 339, 344 [91 Cal.Rptr. 630], is distinguishable. In *Cochran,* a prior interlocutory judgment of divorce failed to provide for alimony. The appellate court held the interlocutory judgment had become final and, *absent a reservation of jurisdiction in that judgment,* the trial court lacked jurisdiction to vacate or modify the prior judgment. Here the court did expressly reserve jurisdiction in the 1989 judgment.

The judgment is affirmed.

Boren, Acting P. J., and Grignon, J., concurred.